1 Catherine Valerio Barrad (SBN 168897)
  cbarrad@sidley.com
2 Christine K. Son (SBN 223190)
  cson@sidley.com
3 SIDLEY AUSTIN LLP
  555 West Fifth Street, Suite 4000
4 Los Angeles, California 90013-1010
  Telephone: (213) 896-6000
5 Facsimile: (213) 896-6600

6

7 Attorneys For Defendant
  Bayer Corporation

8

FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL NITZBERG by and through his guardian ad litem, ELENA STORER, and MATTHEW NITZBERG by and through his guardian ad litem, ELENA STORER, and ELENA STORER, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION; DOES ONE through ONE HUNDRED, and each of them,<br><br>    Defendants. | Case No. C 07 4399 EDL<br><br>**DEFENDANT BAYER CORPORATION'S NOTICE OF REMOVAL** |

Defendant Bayer Corporation, through undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows in support of this Notice of Removal:

1. Plaintiff Elena Storer filed this action in the Superior Court of the State of California, County of San Francisco, individually and as guardian ad litem on

NOTICE OF REMOVAL
NITZBERG, ET AL. V. BAYER CORPORATION, ET AL.

ORIGINAL

1. behalf of Plaintiffs Samuel Nitzberg and Matthew Nitzberg. The Complaint asserts wrongful death claims under theories of negligence, strict products liability (failure to warn), and statutory deceit by concealment against Bayer Corporation and fifty unknown parties designated by the fictitious name "Doe." Plaintiffs seek economic and non-economic damages in an undisclosed amount. Plaintiffs' allegations relate to the prescription pharmaceutical aprotinin injection, which has the proprietary name Trasylol®.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal are satisfied and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

3. Plaintiffs' Complaint was served on Bayer Corporation on or after July 30, 2007. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period for removal runs from the date of formal service).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers received by Bayer Corporation, including Plaintiffs' Amended Complaint, are attached as Exhibit A. A copy of the Answer of Bayer Corporation, as filed in the Superior Court of the State of California, County of San Francisco, is attached as Exhibit B.

5. The United States District Court for the Northern District of California, San Francisco Division, embraces the county in which the state court action is now pending, and thus this Court is a proper forum for this action under 28 U.S.C. §§ 129(a) and 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

8. If any question arises regarding the propriety of the removal of this action, Bayer Corporation respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

### A. Complete Diversity of Citizenship Exists.

10. There is complete diversity between the parties. Plaintiffs are citizens of California, and Bayer Corporation is a citizen of Indiana and of Pennsylvania. No party properly joined as a defendant is a citizen of California.

11. Plaintiffs assert in other papers filed in this case, and served upon Bayer Corporation along with the Complaint, that all Plaintiffs are domiciled at the same address in California. *See* Applications for Appointment of Guardian Ad Litem (Exhibit C); *see also* 28 U.S.C. § 1446(b) (permitting reference to any "other paper from which it may first be ascertained that the case is one which is or has become removable"). Plaintiffs are therefore citizens of the United States and of California. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous.") (quoting *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972)); *Kantor v. Wellesley Galleries, Ldt.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state.").

12. Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania. *See* Exhibit D. Bayer Corporation is therefore a citizen of Indiana and Pennsylvania. *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

13. The identities of the remaining defendants are unknown, and they are designated in the Complaint by the fictitious name "Doe." Compl. ¶ 1. The citizenship of these defendants is therefore disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

**B.  The Amount in Controversy Requirement Is Satisfied.**

14. It is apparent from the face of the Complaint that the amount in controversy in this wrongful death case exceeds $75,000, exclusive of costs and interest.

15. The Complaint alleges that Plaintiffs' decedent was administered Trasylol® while undergoing cardiac surgery on February 16, 2005, and, as a result, died on March 6, 2005. Compl. ¶¶ 4, 6, 11, 14. Plaintiffs—the decedent's wife and children—allegedly have been "deprived of a kind and loving husband and father, and of his care, comfort, society, companionship, protection, emotional and financial support, solace, gifts and love." *Id.* ¶¶ 15-16. They also allegedly have incurred "funeral and burial expenses, the exact amounts of which are presently unascertained." *Id.* ¶ 15. The Complaint does not demand a specific amount in damages but claims "economic (special) and non-economic (general) damage in sums in excess of the jurisdictional limit of [the Superior Court]."[1] *Id.*

16. When a complaint does not allege a specific amount of damages, "the district court may consider whether it is 'facially apparent' from the complaint that the

---

[1] The jurisdictional limit of the Superior Court of California is $25,000. *See* Cal. Civ. Proc. Code §§ 85-86; *Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

1  jurisdictional amount is in controversy." *Singer* v. *State Farm Mut. Auto. Ins. Co.*,
2  116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen* v. *R & H Oil & Gas Co.*, 63 F.3d
3  1326, 1335-36 (5th Cir. 1995)); *see also Simmons* v. *PCR Tech.*, 209 F. Supp. 2d
4  1029, 1031 (N.D. Cal. 2002) ("The district court determines . . . first . . . whether it is
5  'facially apparent' from the complaint that the jurisdictional amount has been
6  satisfied."); *cf. Lamke* v. *Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal.
7  2004) (noting that, under the California Code of Civil Procedure, a complaint seeking
8  recovery for wrongful death may not specify the amount of damages sought). In this
9  wrongful death case, it is "facially apparent" from the Complaint that the amount in
10 controversy exceeds $75,000.

11      17.   This Court has previously recognized that a "complaint alleg[ing]
12 wrongful death . . . would *clearly establish* an amount in controversy in excess of
13 $75,000." *Corbelle* v. *Sanyo Elec. Trading Co.*, No. C-03-1509 EMC, 2003 WL
14 22682464, at *3 (N.D. Cal. Nov. 4, 2003) (emphasis added). Other courts have held
15 likewise, routinely finding that wrongful death cases involve damages in excess of
16 $75,000. *Branson* v. *Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094,
17 at *5 (M.D. Fla. Jan. 18, 2007) ("the claimed damages in a wrongful death case like
18 this one would—with certainty—be far in excess of $75,000.00"); *see also*
19 *Knickerbocker* v. *Chrysler Corp.*, 728 F. Supp. 460, 462 (E.D. Mich. 1990) ("This
20 being a wrongful death case, the amount in controversy clearly exceeds $50,000.").
21 Indeed, the Fifth Circuit has held, in a case cited with approval by both the Ninth
22 Circuit and this Court, that claims of the type alleged here—for wrongful death, loss
23 of companionship, and funeral expenses, *see* Compl. ¶ 15—facially satisfy the
24 jurisdictional minimum of 28 U.S.C. § 1332. *De Aguilar* v. *Boeing Co.*, 11 F.3d 55,
25 57 (5th Cir. 1993) (finding it "facially apparent" that claims for wrongful death, loss
26 of companionship, and funeral expenses satisfied jurisdictional minimum for purposes
27 of removal), *cited with approval in Kroske* v. *U.S. Bank Corp.*, 432 F.3d 976, 980 (9th
28

1 Cir. 2005), *and Lamke*, 319 F. Supp. 2d at 1032; *see also Singer*, 116 F.3d at 377 ("The Fifth Circuit has described an appropriate procedure for determining the amount in controversy on removal.").[2]

    18.    Where liability is established, wrongful death cases in San Francisco County often result in verdicts of substantially more than $75,000.[3] *E.g.*, *Ivance* v. *Rich-Tex Inc.*, 2007 WL 959717, 14 Trials Digest 10th 1 (San Francisco County, Mar. 2007) ($868,788 in wrongful death products liability case); *Libbee* v. *Raybestos*, 1999 WL 732773, 21 Trials Digest 3d 31 (San Francisco County, Apr. 1999) ($250,000 in wrongful death products liability case); *Petrini* v. *Mohasco Corporation*, 1998 WL 1054767, 17 Trials Digest 3d 31 (San Francisco County, Dec. 1998) ($995,432 in wrongful death products liability case); *see also Ethier* v. *Poindexter*, 2006 WL 4542552, JVR No. 461,849 (San Francisco County, Mar. 2006) ($253,901 in wrongful death medical malpractice case); *Huey* v. *Carteron*, 1997 WL 465515, 33 Trials Digest 2d 64 (San Francisco County, May 1997) ($239,000 in wrongful death medical malpractice case); *Sze* v. *Fay*, 1995 WL 866198, 19 Trials Digest 2d 70 (San Francisco County, Nov. 1995) ($321,300 in wrongful death medical malpractice case).

    19.    Thus, based on the allegations in Plaintiffs' Complaint, it is facially apparent that the amount in controversy substantially exceeds the jurisdictional minimum of 28 U.S.C. § 1332.

---

[2] The Fifth Circuit has found the jurisdictional minimum satisfied even in personal injury cases *not* involving wrongful death. *E.g.*, *Gebbia* v. *Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding it "facially apparent" that the amount in controversy exceeded $75,000 where the plaintiff alleged "injuries to her right wrist, left knee and patella, and upper and lower back" and claimed damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Luckett* v. *Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that amount in controversy exceeded $75,000 where the plaintiff claimed damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

[3] *See also Kroske*, 432 F.3d at 980 ("In determining the amount in controversy, the district court properly considered . . . damage awards in similar [cases] . . . .").

1 | WHEREFORE, Defendant Bayer Corporation removes this action from the Superior
2 | Court of the State of California, County of San Francisco, to this Court pursuant to 28
3 | U.S.C. §§ 1332, 1441, and 1446.
4 |
5 | Dated: August 24, 2007

SIDLEY AUSTIN LLP
Catherine Valerio Barrad
Christine K. Son

By: _____
Christine K. Son
Attorneys for Defendant Bayer
Corporation