**EXHIBIT A**

SUM-100

**SUMMONS** on Amended Complaint
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
BAYER CORPORATION; DOES ONE through ONE HUNDRED,
and each of them

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
SAMUEL NITZBERG by and through his guardian ad litem, ELENA
STORER, and MATTHEW NITZBERG by and through his guardian ad
Litem, ELENA STORER, and ELENA STORER, individually

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco Superior Court | CASE NUMBER: *(Número del Caso):* CGC-07-463481 |

400 McAllister                              San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Kelley/Emily C. Wecht          Walkup, Melodia, et al.
650 California Street, 26th Floor          San Francisco, CA 94108
415-981-7210

DATE: **JUL 2 - 2007**  **GORDON PARK-LI** Clerk, by _Elizabeth Zoriva_ , Deputy
*(Fecha)*                    *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☒ on behalf of *(specify)* :   Bayer Corporation
   under:  ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)* :
4. ☒ by personal delivery on *(date)* :  7/30/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Storer-Nitzberg

1

2 LAW OFFICES OF
**WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION

3 650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

4 MICHAEL A. KELLY (State Bar #71460) ·
EMILY C. WECHT (State Bar #240106),

5 **ATTORNEYS FOR PLAINTIFFS**

6

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

JUN 0 4 2007

**GORDON PARK-LI, Clerk**
BY: _____ MARY ANN MORAN
Deputy Clerk

7

8 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 COUNTY OF SAN FRANCISCO

10

11 SAMUEL NITZBERG by and through his
guardian ad litem, ELENA STORER, and

12 MATTHEW NITZBERG by and through his
guardian ad litem, ELENA STORER, and

13 ELENA STORER, individually
Plaintiffs,

14 v.

15

16 BAYER CORPORATION; DOES ONE through
ONE HUNDRED, and each of them,
Defendants.

17

Case No. CGC-07-463481

**AMENDED COMPLAINT FOR DAMAGES**

**[Wrongful Death, Negligence, Strict Liability – Failure to Warn, Violation of Statute – Negligence Per Se, Deceit by Concealment]**

18

19 **FIRST CAUSE OF ACTION**
**[Negligence]**

20

21 Come now plaintiffs Elena Storer, Samuel Nitzberg by and through his *guadian ad litem*

22 Elena Storer and Matthew Nitzberg by and through his *guadian ad litem* Elena Storer, and for a

23 First Cause of Action complain of defendants Bayer Corporation, and Does One through Fifty,

24 and each of them, and allege as follows:

25     1.    The true names, capacities or involvement, whether individual, corporate,

26 governmental or associate of the defendants named herein as Doe, are unknown to plaintiffs who

27 therefore sue said defendants by such fictitious names. Plaintiffs pray leave to amend this

28 complaint to show their true names and capacities, when the same have been finally determined.

1    Plaintiffs are informed and believe, and upon such information and belief allege, that each

2    of the defendants designated herein as Doe is negligently or otherwise legally responsible in some

3    manner for the events and happenings herein referred to, and negligently or otherwise caused

4    injury and damages legally thereby to plaintiffs as is hereinafter alleged.

5    2.    At all times herein mentioned, each and every of the defendants herein was the

6    agent, servant, partner, joint venturer, employee and/or franchisee of each of the other defendants,

7    and each was at all times acting within the course and scope of such agency, service, employment,

8    joint venture, partnership and/or franchise.

9    3.    At all times herein mentioned, defendants Bayer Corporation, and Does One

10    through Twenty-Five, and each of them, were corporations and other businesses licensed to do and

11    doing business within the State of California, and more particularly, with the City and County of

12    San Francisco. At all relevant times, said defendants were engaged in the business of testing,

13    manufacturing, distributing, marketing and selling prescription drugs and over the counter

14    medications and products, including the drug Trasylol (also known as aprotinin injection). At all

15    relevant times the defendants herein marketed, sold and distributed Trasylol within the City and

16    County of San Francisco.

17    4.    At all relevant times herein, decedent Robert Nitzberg was prescribed and

18    administered the drug Trasylol while a patient at the University of California Medical Center in

19    the City and County of San Francisco. Subsequent to the administration of such drug, the death of

20    Robert Nitzberg occurred within the jurisdiction of this court.

21    5.    Prior to February 16, 2005, defendants Bayer Corporation and Does One through

22    Fifty compounded, tested, failed to test, manufactured, distributed, marketed and sold the drug

23    Trasylol for patients undergoing cardiac surgery.

24    6.    On February 16, 2005, decedent Robert Nitzberg underwent cardiac surgery during

25    which he was prescribed and administered the drug Trasylol.

26    7.    In and prior to February of 2005, defendant Bayer Corporation and Does One

27    through Fifty were aware of dangerous, harmful, and potentially fatal side effects, complications

28    and reactions of the drug above described as well as its contra-indications for use in a patient such

LAW OFFICES OF
FALKUP, MELODIA, KELLY
ZECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES

1   as plaintiffs' decedent. Such risks included but were not limited to cardiac failure.

2       8.      In and prior to February of 2005, defendants Bayer Corporation, and Does One

3   through Fifty, and each of them, advertised, promoted and marketed to medical professionals the

4   prescription drug Trasylol. In connection with such marketing, advertising and promoting,

5   defendants Bayer Corporation and Does One through Fifty, and each of them, failed and omitted

6   to accurately describe all known or knowable side effects, complications and risks of physical

7   injury, including the risk of death, and cardiac failure associated with the use of the drug Trasylol

8   in patients undergoing cardiac surgery.

9       9.      In connection with the marketing of the drug Trasylol defendants sought to create

10   an image, impression and belief in potential prescribers, that the utilization of Trasylol was safe

11   for persons undergoing cardiac surgery, had fewer side effects and/or adverse reactions than other

12   drugs used to prevent blood loss during cardiac surgery, and was more effective than other drugs

13   used to prevent blood loss during cardiac surgery.

14       10.     In and prior to February of 2005, defendant Bayer Corporation and Does One

15   through Fifty, and each of them, in connection with their advertising and marketing of the above-

16   described drug, understated the state of their actual knowledge regarding the health hazards and

17   risks associated with the utilization of Trasylol in cardiac surgery, for the purpose of promoting

18   and increasing sales, use, and prescription of said drug.

19       11.     Having obtained information concerning the uses and benefits of Trasylol from

20   defendant Bayer Corporation and Does One through Fifty, decedent Robert Nitzberg's treating

21   physicians prescribed and administered Trasylol to him in connection with his cardiac surgery.

22       12.     In and prior to February of 2005, defendant Bayer Corporation and Does One

23   through Fifty, and each of them, had a duty to properly, carefully, and non-negligently formulate,

24   manufacture, test, research, label, advertise, and sell Trasylol.

25       13.     At all relevant times herein, defendant Bayer Corporation and Does One through

26   Fifty, and each of them, were negligent and careless in and about their testing, promoting,

27   advertising, marketing, labeling, warning and sale of the above-described drug, and further, said

28   defendants and each of them negligently and carelessly failed to adequately test said drug and/or

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WRECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

1  to warn of its known or knowable side effects, risks and dangers in such a way as to make such
2  warnings and instructions efficacious.

3  14.     On March 6, 2005, decedent Robert Nitzberg died.  The death of Robert Nitzberg
4  was a direct and legal result of the negligence and carelessness of defendant Bayer Corporation
5  and Does One through Fifty.

6  15.     By reason of the death of Robert Nitzberg, plaintiffs have been deprived of a kind
7  and loving husband and father, and of his care, comfort, society, companionship, protection,
8  emotional and financial support, solace, gifts, and love all to their economic (special) and non-
9  economic (general) damage in sums in excess of the jurisdictional limit of this court; and further,
10  plaintiffs have incurred certain funeral and burial expenses, the exact amounts of which are
11  presently unascertained.  Plaintiffs pray leave to insert said amount once the same is finally
12  determined.

13  16.     Plaintiff Elena Storer is the surviving spouse of decedent Robert Nitzberg.
14  Plaintiffs Matthew Nitzberg and Samuel Nitzberg are the surviving minor children of Robert
15  Nitzberg.  Plaintiffs constitute all of decedent Robert Nitzberg's heirs at law.

16  17.     Plaintiffs Matthew Nitzberg and Samuel Nitzberg are minors and are pursuing this
17  action through their guardian *ad litem*, Elena Storer.

18  18.     Plaintiffs did not discover and could not reasonably have discovered the negligence
19  and carelessness of the defendants and each of them, as herein alleged until a date on or after
20  September 30, 2006 when the defendants first acknowledged that they had failed to disclose
21  relevant information to the Food and Drug Administration and other regulators in connection with
22  efforts to market Trasylol.  Neither defendants' actions and omissions in connection with the drug
23  Trasylol nor the side effects, complications, and dangers associated with Trasylol were known by
24  plaintiffs or reasonably knowable to plaintiffs until that time.  Accordingly, this action is timely
25  filed.

26  ///
27  ///
28  ///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

**[Strict Liability – Failure to Warn]**

Plaintiffs complain of defendants and for a Second Cause of Action allege as follows:

19.     Plaintiffs hereby refer to, reallege, and incorporate by this reference, each and every allegation of each and every paragraph of the First Cause of Action, and make them a part of this, the Second Cause of Action as though set forth in full.

20.     The drug Trasylol was defective at the time of its marketing, sale and distribution, in that said drug and its warnings, instructions and directions for use were inadequate. The instructions, directions and warnings failed to warn of the dangerous propensity of the drug for cardiac failure, cardiac surgery complications, stroke, and death, which such risks were known or reasonably scientifically knowable to the defendants at the time the said drug was marketed and prescribed for the decedent. Decedent Robert Nitzberg's death was caused by the failure to provide adequate warning and instructions by the defendants, and each of them.

21.     At all times herein mentioned defendant Bayer Corporation and Does One through Fifty, and each of them, knew the product was to be used by health care professionals in reliance on defendants' representations, warnings, and instructions. Decedent Robert Nitzberg's treating health care professionals neither knew nor had reason to suspect at the time of their use of Trasylol of the existence of the characteristics, contraindications and/or dangers of which defendants failed to warn or instruct.

22.     Plaintiffs were caused to suffer the injuries and damages herein above and hereinafter set forth.

23.     By reason of the premises defendants Bayer Corporation and Does One through Fifty are strictly liable in tort to plaintiffs.

WHEREFORE, plaintiffs pray judgment against defendants and each of them as hereinafter set forth.

///

///

///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1 | & Safety Code §110390.

2 |     29.    Decedent Robert Nitzberg's death was a direct and legal result of defendants

3 | violations of the statutes above-described, and plaintiffs were caused to suffer and sustain the

4 | injuries and damages herein above and hereinafter set forth by reason of said violations.

5 |     WHEREFORE, plaintiffs pray judgment against defendants and each of them as

6 | hereinafter set forth.

## FOURTH CAUSE OF ACTION

### [Deceit by Concealment – California Civil Code §§ 1709-1710]

9 |     Plaintiffs complain of defendants Bayer Corporation and Does One through Fifty and for a

10 | Fourth Cause of Action allege as follows:

11 |     30.    Plaintiffs hereby refer to reallege and incorporate by reference, each and every

12 | allegation of the First Cause of Action, and makes them a part of this, the Fourth Cause of Action

13 | as though set forth in full.

14 |     31.    Defendants Bayer Corporation and Does One through Fifty, and each of them,

15 | during the time that the above-described drug was marketed, distributed, sold and advertised,

16 | deceived the decedent, the decedent's physicians, and other consumers and physicians by

17 | concealing from such persons the true facts concerning the drug Trasylol, which the defendants as,

18 | makers, marketers, advertisers, sellers and distributors had a duty to disclose.

19 |     32.    Prior to the date on which decedent was prescribed and administered Trasylol, the

20 | defendants failed and omitted to properly disclose to decedent, his physicians, or the general

21 | public, their true knowledge regarding the frequency and extent of cardiac failure, and death as

22 | well as complications identified in the defendants' own internal studies.

23 |     33.    Notwithstanding actual knowledge by the defendants about risks of cardiac failure

24 | and death, defendants knowingly and purposely continued to misrepresent and under-represent the

25 | actual known number of cases of cardiac failure and death, and failed and omitted to compose,

26 | circulate, and publicize appropriate warnings and instructions for use prior to decedent's death.

27 |     34.    In addition to the defendants' failure to identify and warn of known cases of cardiac

28 | failure and death the defendants and each of them, failed and omitted to report all adverse drug

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1  effects (ADE's) to the Federal Drug Administration. Notwithstanding the fact that the defendants,
2  and each of them, received knowledge and notice of cardiac failure, and death associated with the
3  use of Trasylol, the defendants did not transmit all of said information to the FDA.

4      35.    At all times herein mentioned, the defendants, and each of them, conducted a sales,
5  advertising, and marketing campaign to promote the sale of the drug Trasylol and willfully
6  deceived consumers and physicians, including the decedent and his physicians, and the general
7  public as to the health risks and consequences of the use of the drug Trasylol in connection with
8  cardiac surgery.

9      36.    At all relevant times the defendants, and each of them, were aware that the above-
10  described drug was hazardous to the health of certain consumers, and that said drug had a known
11  propensity to cause cardiac failure, and death, but defendants failed and omitted to disclose and
12  communicate such knowledge.

13      37.    At all relevant times the defendants purposefully and intentionally concealed the
14  true facts concerning the serious risks of the drug Trasylol with the specific intent toincrease and
15  maintain sales and avoid any decrease or interruption of physicians prescribing said drugs to their
16  patients. Defendants' motivation in this respect was to promote the sale of the product, and to
17  generate profit, knowing that if prescribing physicians had all of the true facts regarding the drug
18  Trasylol, such physicians would not prescribe said drug.

19      38.    Decedent's death occurred as a direct and legal result of the matters above
20  described, and as a legal result of the deceitful conduct by the defendants.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
COMPLAINT FOR DAMAGES

1    WHEREFORE, plaintiffs pray judgment against the defendants, and each of them, jointly

2  and severally as follows:

3      A.  For general (non-economic) damages according to proof at the time of trial;

4      B.  For special (economic) damages according to proof at the time of trial;

5      C.  For prejudgment interest as permitted by law;

6      D.  For costs of suit incurred herein; and

7      E.  For such other and further relief as this Court may deem proper.

8  Dated:  5|30|07                                    WALKUP, MELODIA, KELLY,
                                                       WECHT & SCHOENBERGER
9

10

11                                                     Emily C. Wecht
                                                       MICHAEL A. KELLY
12                                                     EMILY C. WECHT
                                                       Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY,
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9

COMPLAINT FOR DAMAGES

CASE NUMBER: CGC-07-463481  SAMUEL NITZBERG et al VS. BAYER CORPORATION et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

> **DATE:**   **OCT-19-2007**
>
> **TIME:**   **9:00AM**
>
> **PLACE:**  **Department 212**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
**without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212
twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

## Superior Court of California
## County of San Francisco

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.*  There are fewer, if any, court appearances.  And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves.  The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.*  For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit.  Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly.  ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

  1)   Judicial arbitration
  2)   Mediation
  3)   The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐    **Private Mediation**    ☐    **Mediation Services of BASF**   ☐    **Judicial Mediation**
☐    **Binding arbitration**                                              **Judge** _____
☐    **Non-binding judicial arbitration**                    **Judge** _____
☐    **BASF Early Settlement Program**
☐    **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  3/06                 **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐  **Private Mediation**   ☐   **Mediation Services of BASF** ☐   **Judicial Mediation**
☐  **Binding arbitration**    Judge _____
☐  **Non-binding judicial arbitration**    Judge _____
☐  **BASF Early Settlement Program**
☐  **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____


| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*

ADR-2  3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | **FOR COURT USE ONLY** |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | **CASE NUMBER:** |
|---|---|
| **(Check one):**  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one)*:
    a.  ☐  This statement is submitted by party *(name)*:
    b.  ☐  This statement is submitted **jointly** by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date)*:
    b.  ☐  The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  ☐  The following parties named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not)*:

        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

        (3)  ☐  have had a default entered against them *(specify names)*:

    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4.  **Description of case**
    a.  Type of case in  ☐  complaint  ☐  cross-complaint    *(describe, including causes of action)*:

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial     (if more than one party, provide the name of each party requesting a jury trial):

6. **Trial date**
   a. ☐ The trial has been set for (date):
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

   c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
   a. ☐ days (specify number):
   b. ☐ hours (short causes) (specify):

8. **Trial representation** (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference (specify code section):

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by (date):
    c. ☐ The case has gone to an ADR process (indicate status):

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**14. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

Previous case management orders in this case are *(check one):*   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

▶

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

CM-110 [Rev. January 1, 2007]                    **CASE MANAGEMENT STATEMENT**                    Page 4 of 4



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy.  Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation.  Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended.  This program may also be utilized at anytime throughout the litigation process.  The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212.  A preference for a specific judge may be indicated.  The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note:  Space is limited.  Submission of a stipulation to judicial mediation does not guarantee inclusion in the program.  You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
(415) 551-3876

12/15/06

**EXHIBIT  B**



1   **Catherine Valerio Barrad (SBN 168897)**
    **Christine K. Son (SBN 223190)**
2   **SIDLEY AUSTIN LLP**
    **555 West Fifth Street, Suite 4000**
3   **Los Angeles, California 90013-1010**
    **Telephone: (213) 896-6000**
4   **Facsimile: (213) 896-6600**
    **cbarrad@sidley.com**
5   **cson@sidley.com**

6   **Attorneys for Defendant**
    **Bayer Corporation**
7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF SAN FRANCISCO**

10

11  SAMUEL NITZBERG by and through his              ) Case No. CGC-07-463481
    guardian ad litem, ELENA STORER, and           )
12  MATTHEW NITZBERG by and through his            ) Complaint Filed:  May 17, 2007
    guardian ad litem, ELENA STORER, and           )
13  ELENA STORER, individually,                    )
                                                    )  **ANSWER AND AFFIRMATIVE AND/OR**
14              Plaintiffs,                         )  **SEPARATE DEFENSES OF DEFENDANT**
                                                    )  **BAYER CORPORATION TO AMENDED**
15          v.                                      )  **COMPLAINT FOR DAMAGES**
                                                    )
16                                                  )
    BAYER CORPORATION; DOES ONE through            )  **DEMAND FOR JURY TRIAL**
17  ONE HUNDRED, and each of them,                  )
                                                    )
18              Defendants.                         )
                                                    )
19                                                  )
                                                    )
20  _____            )

21

22                                  **GENERAL DENIAL**

23          Pursuant to section 431.30 of the California Code of Civil Procedure, Defendant

24  Bayer Corporation denies generally and specifically each and every allegation contained in

25  plaintiffs' unverified Complaint ("Complaint") that relates or is directed to Bayer Corporation, or

26  any alleged agent, servant, partner, aider and abettor, co-conspirator, joint venturer, officer, director,

27  or employee of Bayer Corporation, and further denies that plaintiffs or plaintiffs' decedent were

28

                              **BAYER CORPORATION'S ANSWER**

1 | injured or damaged in any way or amount or are entitled to any relief whatsoever against Bayer

2 | Corporation.

### SEPARATE AND ADDITIONAL DEFENSES

4 | In setting forth the following separate and additional defenses, Bayer Corporation

5 | does not concede that it bears the burden of proof or persuasion as to any of them.

### FIRST DEFENSE

### (Failure to State a Cause of Action)

8 | 1.    Plaintiffs' Complaint, and each and every count contained therein, fails to

9 | state a cause of action or claim upon which relief can be granted against Bayer Corporation.

### SECOND DEFENSE

### (Statute of Limitations)

12 | 2.    Some or all of plaintiffs' claims are barred by applicable statutes of limitations

13 | and/or statutes of repose.

### THIRD DEFENSE

### (Laches, Waiver and Estoppel)

16 | 3.    Plaintiffs' claims against Bayer Corporation are barred, in whole or in part, by

17 | laches, waiver and/or estoppel.

### FOURTH DEFENSE

### (Failure to Mitigate Damages)

20 | 4.    Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to

21 | mitigate alleged damages.

### FIFTH DEFENSE

### (Third Party Negligence)

24 | 5.    If plaintiffs sustained the injuries or incurred the expenses as alleged, which is

25 | expressly denied, said injuries or expenses were directly and proximately caused by the negligence

26 | or fault of parties other than Bayer Corporation, whether named or unnamed in plaintiffs' Complaint,

27 | over whom Bayer Corporation had no supervision or control and for whose actions and omissions

28

2

1    Bayer Corporation has no legal responsibility. Plaintiffs' recovery, if any, therefore should be

2    apportioned in accordance with the applicable law.

3                                    **SIXTH DEFENSE**

4                            **(Intervening or Superseding Cause)**

5            6.      The injuries and damages claimed by plaintiffs or plaintiffs' decedent, if any,

6    resulted from an intervening or superseding cause and/or causes, and any act or omission on the part

7    of Bayer Corporation was not the proximate and/or competent producing cause of such alleged

8    injuries and damages.

9                                  **SEVENTH DEFENSE**

10                      **(Failure to State a Claim for Negligence Per Se)**

11           7.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted

12   for negligence per se.

13                                   **EIGHTH DEFENSE**

14                          **(Learned Intermediary Doctrine)**

15           8.      The claims in the Complaint are barred in whole or in part by the learned

16   intermediary doctrine. Trasylol® is a prescription pharmaceutical which was available only upon

17   the prescription of a licensed physician and is indicated for use by physicians only during certain

18   surgical procedures.

19                                    **NINTH DEFENSE**

20                      **(Pre-existing or Subsequent Conditions)**

21           9.      The injuries or damages allegedly sustained by plaintiffs or plaintiffs'

22   decedent, if any, were caused, in whole or in part, by pre-existing or subsequent physical, medical,

23   and/or physiological conditions, for which Bayer Corporation has no legal responsibility.

24                                    **TENTH DEFENSE**

25                                   **(State of the Art)**

26           10.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted

27   against Bayer Corporation in that the methods, standards, and techniques utilized with respect to the

28   design, manufacture, marketing and sale of Trasylol®, including but not limited to adequate

                                              3

1  warnings and instructions with respect to the product's use included in the product's package insert

2  and other literature, conformed to the applicable state of the art. Trasylol®, including its labeling

3  approved by the United States Food and Drug Administration, complied with the state of scientific

4  and medical knowledge available at the time of its design, testing, manufacture, distribution,

5  marketing, and sale. Plaintiffs' recovery accordingly is barred.

6  **ELEVENTH DEFENSE**

7  **(Restatement (Second) of Torts § 402A, comment k)**

8        11.    Plaintiffs' claims are barred as a matter of law pursuant to Restatement

9  (Second) of Torts § 402A, comment k.

10  **TWELFTH DEFENSE**

11  **(Compliance with Law and Regulations)**

12        12.    The prescription drug Trasylol ® complied with the applicable product safety

13  regulations promulgated by the United States Food and Drug Administration. Compliance with such

14  regulations demonstrates that due care was exercised with respect to the design, manufacture,

15  testing, marketing and sale of this prescription drug, and that it was neither defective nor

16  unreasonably dangerous. Plaintiffs' recovery accordingly is barred.

17  **THIRTEENTH DEFENSE**

18  **(Federal Preemption)**

19        13.    Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant

20  to the Supremacy Clause of the United States Constitution by reasons of the federal government's

21  regulation of the manufacturing, testing, marketing, sale and labeling of prescription drugs. To the

22  extent the requirements of California or other state law are in conflict with applicable provisions of

23  federal law, the requirements of state law are preempted and invalid.

24

25

26

27

28

4

1

## FOURTEENTH DEFENSE

2

### (Unforeseeable Alteration or Misuse)

3         14.    If plaintiffs or plaintiffs' decedent sustained the injuries or incurred the

4    expenses as alleged, which is expressly denied, said injuries or expenses were caused by the

5    unforeseeable alteration, improper handling, or other unforeseeable misuse of the prescription drug

6    Trasylol®. Plaintiffs' recovery accordingly is barred.

7

## FIFTEENTH DEFENSE

8

### (Right to Petition Government)

9         15.    Any claims by plaintiffs relating to alleged communications with regulatory

10   agencies of the United States government are barred in whole or in part by operation of applicable

11   law, including First and Fourteenth Amendment rights to petition the government.

12

## SIXTEENTH DEFENSE

13

### (Unavoidable Circumstances)

14        16.    The alleged injuries and damages, if any, were the result of unavoidable

15   circumstances that could not have been prevented by any person, including Bayer Corporation.

16

## SEVENTEENTH DEFENSE

17

### (Failure to Join Indispensable Parties)

18        17.    Plaintiffs' Complaint fails to join indispensable parties necessary for the just

19   adjudication of this matter.

20

## EIGHTEENTH DEFENSE

21

### (Not Defective or Unreasonably Dangerous)

22        18.    Plaintiffs' claims are barred because Trasylol® was neither defective nor

23   unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and

24   reasonably fit for its intended use. The warnings and instructions accompanying Trasylol® at the

25   time of the occurrence or injuries alleged by plaintiffs were legally adequate warnings and

26   instructions.

27

28

5

BAYER CORPORATION'S ANSWER

1

**NINETEENTH DEFENSE**

2

**(Failure to State a Claim for Costs)**

3

19.    Plaintiffs' Complaint fails to state a claim against Bayer Corporation upon

4

which relief can be granted as to costs or pre-judgment interest.

5

**TWENTIETH DEFENSE**

6

**(Barred by First Amendment)**

7

20.    Plaintiffs' claims are barred in whole or in part because the commercial

8

speech relating to Trasylol® was not false or misleading and is protected under the First Amendment

9

of the United States Constitution and the applicable state constitution.

10

**TWENTY-FIRST DEFENSE**

11

**(Primary Jurisdiction of FDA)**

12

21.    Plaintiffs' claims regarding warnings and labeling are barred in whole or in

13

part by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration

14

is charged under law with determining the content of warnings and labeling for prescription drugs.

15

**TWENTY-SECOND DEFENSE**

16

**(Exclusive Regulation by FDA)**

17

22.    Plaintiffs cannot state a claim with regard to warnings and labeling for

18

prescription drugs because the remedy sought by plaintiffs is subject to the exclusive regulation of

19

the United States Food and Drug Administration.

20

**TWENTY-THIRD DEFENSE**

21

**(Abstention)**

22

23.    This Court should abstain from adjudicating plaintiffs' claims relating to

23

warnings and labeling in deference to the interpretation of regulations relating to prescription drug

24

labeling by the United States Food and Drug Administration.

25

26

27

28

6

## TWENTY-FOURTH DEFENSE

### (No Detrimental Reliance)

24.    Plaintiffs did not detrimentally rely on any labeling, warnings or information concerning Trasylol®.

## TWENTY-FIFTH DEFENSE

### (Not Reasonably Foreseeable)

25.    Plaintiffs' and plaintiffs' decedent's alleged injuries and damages, if any, were the result of an idiosyncratic reaction which Bayer Corporation could not reasonably foresee.

## TWENTY-SIXTH DEFENSE

### (Settlement)

26.    To the extent plaintiffs have settled or will settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Corporation, if any, should be reduced accordingly.

## TWENTY-SEVENTH DEFENSE

### (Plaintiffs' Claims Speculative)

27.    Plaintiffs' claims of injury and claims for damages are speculative.

## TWENTY-EIGHTH DEFENSE

### (No Private Cause of Action)

28.    Plaintiffs' claims purportedly asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

## TWENTY-NINTH DEFENSE

### (Failure to Plead Fraud with Particularity)

29.    Plaintiffs' purported allegations of fraud, deceit, statutory fraud, misrepresentation, suppression, omission, concealment and deception are not pleaded with particularity.

1

## THIRTIETH DEFENSE

2

### (Failure to State a Claim for Fraud)

3

30.     Plaintiffs' Complaint fails to state a claim for fraud, deceit, statutory fraud,

4

misrepresentation, concealment, suppression, omission and/or deception.

5

## THIRTY-FIRST DEFENSE

6

### (Collateral Source)

7

31.     To the extent plaintiffs are seeking recovery for benefits entitled to be

8

received or actually received from any other source of injuries alleged in the Complaint, such

9

benefits are not recoverable in this action under applicable law.

10

## THIRTY-SECOND DEFENSE

11

### (Standing)

12

32.     Plaintiffs are not the real parties in interest or lack the capacity and/or

13

standing to bring the claims asserted in the Complaint.

14

## THIRTY-THIRD DEFENSE

15

### (No Loss of Money or Property)

16

33.     Plaintiffs have not sustained an ascertainable loss of money or property

17

because of the alleged use of Trasylol®.

18

## THIRTY-FOURTH DEFENSE

19

### (No Actual Injury)

20

34.     Plaintiffs have not suffered any actual injury or damages because of the

21

alleged use of Trasylol® as sold by Bayer Corporation.

22

## THIRTY-FIFTH DEFENSE

23

### (No Personal Jurisdiction)

24

35.     Bayer Corporation preserves all objections and defenses relating to personal

25

jurisdiction.

26

27

28

8

1

## THIRTY-SIXTH DEFENSE

2

## (Incorporate Defenses of Other Defendants)

3       36.     Bayer Corporation adopts and incorporates by reference all defenses pleaded

4   or to be pleaded by other defendants except to the extent that they are inconsistent with Bayer

5   Corporation's defenses pleaded in this Answer.

6

## THIRTY-SEVENTH DEFENSE

7

## (No Waiver of Defenses)

8       37.     Bayer Corporation reserves the right to amend its answer and separate and

9   additional defenses to conform to such facts as may be revealed in discovery or otherwise.

10

11       WHEREFORE, Bayer Corporation prays for judgment as follows:

12       1.      That plaintiffs take nothing by way of their Complaint or any of its purported

13              claims for relief;

14       2.      That the Complaint be dismissed with prejudice in its entirety;

15       3.      That judgment be entered in favor of Bayer Corporation;

16       4.      That Bayer Corporation be awarded its cost of suit incurred in this action,

17              including attorneys' fees; and

18       5.      That Bayer Corporation be awarded such other and further relief as the Court

19              may deem just and proper.

20

21

## JURY DEMAND

22       Bayer Corporation respectfully requests that a jury try the issues in this matter.

23   Dated: August 24, 2007                    SIDLEY AUSTIN LLP
                                                Catherine Valerio Barrad
24                                              Christine K. Son

25

26                                      By:    _____
                                                Christine K. Son
27                                              Attorneys for Defendant Bayer Corporation

28

9

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA            )
                               )  ss

3

COUNTY OF LOS ANGELES          )

4

      I am employed in the County of Los Angeles, State of California.  I am over the age

5

of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Suite

6

4000, Los Angeles, California 90013-1010.

7

      On August 27, 2007, I served the foregoing document described as **ANSWER AND**

8

**AFFIRMATIVE  AND/OR SEPARATE DEFENSES OF DEFENDANT BAYER**

9

**CORPORATION TO AMENDED COMPLAINT FOR DAMAGES** on all interested parties in

10

this action as follows (or as on the attached service list):

11

Michael A. Kelly
Emily C. Wecht

12

Walkup, Melodia, Kelly, Wecht & Schoenberger
650 California Street, 26th Floor

13

San Francisco, CA  94108-2615

14

15

☒    (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley

16

Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.

17

Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

18

19

      I declare under penalty of perjury under the laws of the State of California that the

20

above is true and correct.

21

      Executed on August 27, 2007, at Los Angeles, California.

22

23

24

_Deborah J. Kelly_

Deborah J. Kelly

25

26

27

28

10

**EXHIBIT  C**

ZO6

CIV-010

ATTORNEY *(Name, State Bar number, and address)*.
Michael A. Kelley/Emily C. Wecht     71460/240106
Walkup, Melodia, et al.
650 California Street, 26th Floor
San Francisco, CA 94108
TELEPHONE NO. 415-981-7210     FAX NO. *(Optional)*: 405-396-6868
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:     Plaintiffs

FOR COURT USE ONLY

**F I L E D**
San Francisco County Superior Court

JUN 2 6 2007

GORDON PARK-LI, Clerk.
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF     San Francisco
STREET ADDRESS 400 McAllister
MAILING ADDRESS:
CITY AND ZIP CODE San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Samuel Nitzberg, by and through his
guardian ad litem, ELENA STORER, et al.
DEFENDANT/RESPONDENT:Bayer Corporation, et al.

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM-CIVIL  ☐ EX PARTE | CASE NUMBER. CGC-07- 463481 |

NOTE: *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FJ-200. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1.  Applicant *(name)*: Samuel Nitzberg                                    is
    a.  ☐ the parent of *(name)*:
    b.  ☐ the guardian of *(name)*:
    c.  ☐ the conservator of *(name)*:
    d.  ☐ a party to the suit.
    e.  ☒ the minor to be represented *(if the minor is 14 years of age or older)*
    f.  ☐ another interested person  *(specify capacity)*:

2.  This application seeks the appointment of the following person as guardian ad litem     *(state name, address, and telephone number)*:
    Elena Storer, 32480 Loma Chiquita Road, Los Gatos, CA 95033; 408-323-1863

3.  The guardian ad litem is to represent the interests of the following person*(state name, address, and telephone number)*:
    Samuel Nitzberg, 32480 Loma Chiquita Road, Los Gatos, CA 95033; 408-323-1863

4.  The person to be represented is:
    a.  ☒ a minor *(date of birth)*:  Samuel - 7/30/89
    b.  ☐ an incompetent person.
    c.  ☐ a person for whom a conservator has been appointed.

5.  The court should appoint a guardian ad litem because:
    a.  ☒ the person named in item 3 has a cause or causes of action on which suit should be brought   *(describe)*:
    The minor has causes of action for wrongful death and product liability stemming from the wrongful
    death of his father.

    ☐ Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2007]

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM-CIVIL

Code of Civil Procedure,
§ 372 et seq.
www.courtinfo.ca.gov

Storer-Nitzberg

CIV-010

| PLAINTIFF/PETITIONER: Samuel Nitzberg | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: Bayer Corporation | CGC-07-463481 |

5.    b.  ☐   more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

     c.  ☐   the person named in item 3 has no guardian or conservator of his or her estate.

     d.  ☐   the appointment of a guardian ad litem is necessary for the following reasons *(specify)* :

  ☐   Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
     a.  ☒   related *(state relationship)* :    Parent
     b.  ☐   not related *(specify capacity)* :

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)* :

  ☐   Continued on Attachment 7.

Michael A. Kelley/Emily C. Wecht         ▶ *Emily C. Wecht*
     (TYPE OR PRINT NAME)                               (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June *10*, 2007

Samuel Nitzberg   *Samuel Nitzberg*        ▶ *(signature)*
     (TYPE OR PRINT NAME)                               (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: June *10*, 2007

Elena Storer   *Elena Storer*        ▶ *(signature)*
     (TYPE OR PRINT NAME)                    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER  ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)* :    Elena Storer
is hereby appointed as the guardian ad litem for *(name)* : Samuel Nitzberg
for the reasons set forth in item 5 of the application.

Date:

**JUN 2 1 2007**

                                    *(signature)* JUDICIAL OFFICER

        ☐ SIGNATURE FOLLOWS LAST ATTACHMENT
                               A. JAMES ROBERTSON, II

**Martin Dean's**
**ESSENTIAL FORMS™**

**APPLICATION AND ORDER FOR APPOINTMENT**
**OF GUARDIAN AD LITEM-CIVIL**

Storer-Nitzberg

CIV-010

| | | |
|---|---|---|
| ATTORNEY *(Name, State Bar number, and address)*:<br>— Michael A. Kelley/Emily C. Wecht<br>Walkup, Melodia, et al.<br>650 California Street, 26th Floor<br>San Francisco, CA 94108 | 71460/240106 | **FOR COURT USE ONLY** |

TELEPHONE NO.: 415-981-7210      FAX NO. *(Optional)*: 405-391-6965

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:  Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco

STREET ADDRESS: 400 McAllister

MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME:

PLAINTIFF/PETITIONER: Samuel Nitzberg, by and through his
guardian ad litem, ELENA STORER, et al.

DEFENDANT/RESPONDENT: Bayer Corporation, et al.

**ENDORSED FILED**
**SUPERIOR COURT**
**COUNTY OF SAN FRANCISCO**

**JUN 0 1 2007**

**GORDON PARK-LI, CLERK**
BY: **ERNALYN BURA**
Deputy Clerk

**"RECEIVED"**
**MAY 2 4 2007**

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM-CIVIL<br>☐ **EX PARTE** | CASE NUMBER:<br>CGC-07-463481 |
|---|---|

---

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use Form FJ-200. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

---

1. Applicant *(name)*: Elena Storer                                                    is
   a. ☒ the parent of *(name)*:  Matthew Nitzberg
   b. ☐ the guardian of *(name)*:
   c. ☐ the conservator of *(name)*:
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older)*.
   f. ☐ another interested person  *(specify capacity)*:

2. This application seeks the appointment of the following person as guardian ad litem   *(state name, address, and telephone number)*:
   Elena Storer, 32480 Loma Chiquita Road, Los Gatos, CA 95033; 408-323-1863

3. The guardian ad litem is to represent the interests of the following person*(state name, address, and telephone number)*:
   Matthew Nitzberg, 32480 Loma Chiquita Road, Los Gatos, CA 95033; 408-323-1863

4. The person to be represented is:
   a. ☒ a minor *(date of birth)*:   Matthew - 1/13/94
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought  *(describe)*:
   The minor has causes of action for wrongful death and product liability stemming from the wrongful death of his father.

   ☐ Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2007]



**APPLICATION AND ORDER FOR APPOINTMENT**
**OF GUARDIAN AD LITEM-CIVIL**

Storer-Nitzberg

Code of Civil Procedure,
§ 372 et seq.
www.courtinfo.ca.gov

**EXHIBIT  D**

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of AUG 17, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BAYER CORPORATION | | |
| **Number:** C1593546 | **Date Filed:** 8/17/1987 | **Status:** active |
| **Jurisdiction:** INDIANA | | |
| **Address** | | |
| 100 BAYER ROAD, BUILDING 4 | | |
| PITTSBURGH, PA 15205 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

1

# PROOF OF SERVICE

2

3  STATE OF CALIFORNIA      )
                           )  ss
4  COUNTY OF LOS ANGELES )

5

6        I am employed in the County of Los Angeles, State of California.  I am

7  over the age of 18 years and not a party to the within action.  My business address is

8  555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

9        On August 27, 2007, I served the foregoing document described as

10  **DEFENDANT BAYER CORPORATION'S NOTICE OF REMOVAL** on all

11  interested parties in this action as follows (or as on the attached service list):

12

13  Michael A. Kelly
    Emily C. Wecht
14  Walkup, Melodia, Kelly, Wecht &
    Schoenberger
15  650 California Street, 26th Floor
    San Francisco, CA 94108-2615

16

17  ☒    (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:
    I placed true copies of the document(s) in a sealed envelope addressed to each
18  interested party as shown above. I placed each such envelope with postage thereon
    fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles,
19  California. I am readily familiar with Sidley Austin LLP's practice for collection and
    processing of correspondence for mailing with the United States Postal Service.
20  Under that practice, the correspondence would be deposited in the United States
    Postal Service on that same day in the ordinary course of business.

21        I declare under penalty of perjury under the laws of the State of
22  California that the above is true and correct.

23        Executed on August 27, 2007, at Los Angeles, California.

24

25                              Deborah J. Kelly

26

27

28

8