Michael A. Kelly (State Bar No. 71460)
Khaldoun A. Baghdadi (State Bar No. 190111)
Emily C. Wecht (State Bar No. 240106)
WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA  94108-2615
Telephone:  (415) 981-7210
Facsimile:  (415) 391-6965
mkelly@walkuplawoffice.com
ewecht@walkuplawoffice.com

Attorneys for Plaintiffs

Catherine Valerio Barrad (State Bar No. 168897)
Christine K. Son (State Bar No. 223190)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
cbarrad@sidley.com
cson@sidley.com

Attorneys for Defendant, Bayer Corporation

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAMUEL NITZBERG by and through his guardian ad litem, ELENA STORER, and MATTHEW NITZBERG by and through his guardian ad litem, ELENA STORER, and ELENA STORER, individually, <br><br> Plaintiffs, <br><br> v. <br><br> BAYER CORPORATION; DOES ONE through ONE HUNDRED, and each of them, <br><br> Defendants. | Case No. C-07-04399 EDL <br><br> **JOINT MOTION FOR ENTRY OF CASE MANAGEMENT ORDER** |

---

**JOINT MOTION FOR ENTRY OF CASE MANAGEMENT ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, plaintiffs Samuel Nitzberg and Matthew Nitzberg, by and through their *guardian ad litem*, Elena Storer, Elena Storer individually, and defendant Bayer Corporation, hereby submit their Joint Case Management Statement and Proposed Order ("CMO"), a copy of which is attached hereto as Exhibit A, and respectfully request that the Court enter their proposed CMO. In support of this motion, the parties state as follows:

1. In the present lawsuit, plaintiffs assert wrongful death claims allegedly arising from the administration of a prescription pharmaceutical, Trasylol, to the plaintiffs' decedent, Robert Nitzberg. The present case is one of twenty-five Trasylol personal injury lawsuits presently pending in courts throughout the United States and served upon one or more Bayer entities.

2. Orders substantially similar to the CMO proposed herein have been entered in Trasylol personal injury lawsuits pending in the following United States District Courts: (i) the Middle District of Tennessee (*Davis v. Bayer Corporation, et al.*, Case No. 3:07-CV-00115; *Williams v. Bayer Corporation, et al.*, Case No. 1:07-cv-00004), (ii) the Middle District of Florida (*Bakan v. Bayer Corporation, et al.*, Case No. 8:07-CV-220-T24; *Morrill v. Bayer Pharmaceuticals Corporation, et al*., Case No. 8:07-CV-00819-T27), (iii) the Northern District of Georgia (*Wease v. Bayer Corporation, et al.,* No. 1:07-CV-01659), (iv) the Southern District of California (*O'Connor v. Bayer Corporation, et al*., Case No. 07-CV-00633), (v) the Northern District of West Virginia (*Fast v. Bayer Corporation et al.*, Case No. 5:07-CV-00082), (vi) the Southern District of Texas (*Lanham v. Bayer Corporation, et al*., Case No. 4:07-cv-01687), and (vii) the Southern District of Mississippi (*Sessums v. Bayer A.G., et al.*, Case No. 3:07-cv-00436TSL).

3. The parties in an additional Trasylol personal injury lawsuit - *Mack v. Bayer Corporation*, Case No. 3:07-cv-01151 in the United States District Court for the District of Connecticut - likewise have proposed a CMO substantially similar to the CMO submitted by the parties herein.

4. CMOs entered or proposed in these other Trasylol lawsuits are substantially similar to the CMO proposed herein regarding the provisions for fact discovery. The only material differences among these CMOs are the scheduling deadlines for discovery, pretrial submissions and dates of trial readiness.

5. In the present case, the parties have agreed upon and propose a discovery plan and extended pretrial schedule which is necessary for several reasons. First, this case will involve the production of millions of pages of documents to plaintiffs. The parties' proposed CMO contemplates the addition of Bayer Pharmaceuticals Corporation ("BPC") to the present lawsuit as an additional defendant. In other cases in which BPC is already a defendant, BPC is in the midst of its document production, and will produce most of its relevant documents by mid-February, 2007, although some document production by BPC will likely continue thereafter for some months.

6. The CMO provides for deposition discovery from February 15, 2008 through January 31, 2009. Deferring depositions until this time will (i) decrease the prospects for multiple tracks of depositions of defendants' personnel due to discovery demands in later-filed cases, and (ii) reduce the prospect of depositions being taken before relevant documents are produced.

7. The parties have agreed on provisions for pretrial submissions and the trial-ready date in the proposed CMO. Trial-ready dates in the Trasylol cases that are the subject of CMOs already entered or proposed range from the Fall of 2009 (*Williams, Davis and Fast* cases)

2

**JOINT MOTION FOR ENTRY OF CASE MANAGEMENT ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**

through the first, second and third quarters of 2010 (*Bakan, Mack, Morrill, Lanham, O'Connor, Wease* and *Sessums* cases).

8. The only items on which the parties have been unable to reach agreement are the deadline to file motions to amend the pleadings or join additional parties in section 5 and the provisions regarding expert discovery in section 10(E). The parties have set forth their respective positions in the Joint Case Management Statement. Additionally, Bayer notes that its proposed expert witness discovery program, including the sequence for Rule 26(a)(2)(B) expert witness disclosures and expert witness depositions, is consistent with the terms of each of the CMOs referenced above which have been entered or proposed in other Trasylol lawsuits and is also consistent with Rule 26(a)(2)(C), which gives the Court discretion with respect to structuring expert witness discovery. Plaintiffs note that their proposed expert witness program is consistent with the Federal Rules of Civil Procedure. Additionally, plaintiffs note that Bayer's proposed program denies plaintiffs the opportunity to name rebuttal experts – a right provided by the Federal Rules. Plaintiffs also note that expert discovery deadlines in every Trasylol-related case are different. Accordingly, if the Court follows the Federal Rules of Civil Procedure, as requested by plaintiffs, by the time Bayer has to disclose its expert witnesses in this case, it will have already disclosed experts in two other Trasylol-related cases (*Davis* and *Williams*).

9. In the interest of coordinating the pretrial schedule and trial-ready date herein with the CMOs entered and proposed in other Trasylol lawsuits, the parties respectfully request that the Court adopt their proposed CMO subject to the resolution of the disputed items described above.

WHEREFORE, the parties respectfully request that the Court enter their proposed CMO which is attached hereto as Exhibit A.

Dated: November 27, 2007         WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER

By:   /s/ *Michael A. Kelly*
    Michael A. Kelly
    Khaldoun A. Baghdadi
    Emily C. Wecht

Attorneys for Plaintiffs

SIDLEY AUSTIN LLP

By:   /s/ *Catherine Valerio Barrad*
    Catherine Valerio Barrad
    Christine K. Son

Attorneys for Defendant, Bayer Corporation