Michael A. Kelly (State Bar No. 71460)
Khaldoun A. Baghdadi (State Bar No. 190111)
Emily C. Wecht (State Bar No. 240106)
WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108-2615
Telephone: (415) 981-7210
Facsimile: (415) 391-6965
mkelly@walkuplawoffice.com
ewecht@walkuplawoffice.com

Attorneys for Plaintiffs

Catherine Valerio Barrad (State Bar No. 168897)
Christine K. Son (State Bar No. 223190)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
cbarrad@sidley.com
cson@sidley.com

Attorneys for Defendant, Bayer Corporation

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAMUEL NITZBERG by and through his guardian ad litem, ELENA STORER, and MATTHEW NITZBERG by and through his guardian ad litem, ELENA STORER, and ELENA STORER, individually, <br><br> Plaintiffs, <br><br> v. <br><br> BAYER CORPORATION; DOES ONE through ONE HUNDRED, and each of them, <br><br> Defendants. | Case No. C-07-04399 EDL <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

Plaintiffs Samuel Nitzberg and Matthew Nitzberg, by and through their guardian *ad litem*, Elena Storer, Elena Storer individually, and defendant Bayer Corporation[1] ("Bayer") jointly submit this Joint Case Management Statement and Proposed Order.

## DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

This is a pharmaceutical product liability case involving the prescription medication Trasylol. Trasylol is a medicine that is used to reduce perioperative blood loss and the need for transfusions in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft (CABG) surgery. Plaintiffs have brought claims arising out of the death of Robert Nitzberg who was allegedly given Trasylol during cardiac surgery. Plaintiffs are the wife and minor sons of decedent. Bayer denies all claims of liability asserted in plaintiffs' Amended Complaint.

On May 17, 2007 plaintiffs instituted this action by the filing of their complaint in the San Francisco County Superior Court of California. On June 4, 2007, plaintiffs filed an Amended Complaint. On August 27, 2007, Bayer removed this action to this Court, and filed its Answer, Affirmative and/or Separate Defenses to the Amended Complaint. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332. Defendant Bayer Corporation has been served with process.

2. The principal factual issues and legal issues which the parties dispute include the following:

(1)   Whether Bayer was negligent in the compounding, testing, failure to test, design, manufacture, distribution, marketing, and selling of Trasylol;

---

[1] Section 5 of this Joint Case Management Statement provides for the addition of another Bayer entity - Bayer Pharmaceuticals Corporation ("BPC") - to the lawsuit as an additional defendant. Any and all obligations by BPC hereunder are contingent upon the timely filing and service of an amended complaint naming that entity as an additional defendant. Subject to the foregoing limitation, the term "defendants" refers to Bayer Corporation and BPC.

1

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**

(2) Whether Bayer discharged its duty to warn of the risks associated with the use of Trasylol;

(3) Whether Bayer violated California law in providing inadequate warnings, instructions, advertising and labeling of Trasylol and failed to accurately and properly inform or advise consumers and medical professionals of the dangers of the drug;

(4) Whether Bayer failed and omitted to properly disclose to decedent, his physicians, the general public, and the Food and Drug Administration its true knowledge regarding the frequency and extent of cardiac failure, and death as well as complications identified in the defendants' own internal studies;

(5) Whether Trasylol was properly designed and manufactured;

(6) Whether there was fraud or misrepresentation in connection with the sale or advertisement of Trasylol;

(7) Whether Bayer violated the California Health & Safety Code in connection with the labeling, instructions or advertising of Trasylol;

(8) Whether plaintiffs' claims are barred in whole or in part by the learned intermediary doctrine;

(9) Whether plaintiffs' claims are barred in whole or in part by the doctrines of contributory and comparative negligence or fault;

(10) Whether plaintiffs' claims are barred in whole or in part by Federal and State statutory and regulatory compliance and the doctrine of preemption;

(11) Whether plaintiffs have suffered any damages as a result of the alleged administration of Trasylol to Robert Nitzberg and as a result of any defect in the product or any wrongdoing by Bayer;

(12)    Whether plaintiffs have failed to mitigate their damages, if any; and

(13)    Whether plaintiffs' claims are barred by the applicable statutes of limitation.

3. Other factual issues:

There are no unresolved service of process, subject matter jurisdiction or venue issues. Bayer Corporation reserves the right to contest personal jurisdiction.

4. The parties which have not been served and the reasons:

Bayer Corporation has been served.

5. The additional parties that the below-specified parties intend to join and the intended time frame for such joinder:

On or before January 7, 2008, plaintiffs may, without further leave of Court, file a Second Amended Complaint for the purpose of adding BPC as a defendant. OTHERWISE, THE PARTIES HAVE BEEN UNABLE TO AGREE UPON A GENERAL DEADLINE FOR THE FILING OF MOTIONS TO AMEND PLEADINGS OR JOIN ADDITIONAL PARTIES. BAYER'S POSITION IS THAT THE DEADLINE TO FILE MOTIONS TO AMEND PLEADINGS OR JOIN ADDITIONAL PARTIES SHOULD BE MAY 16, 2008.

PLAINTIFFS' POSITION IS THAT THE DEADLINE TO JOIN ADDITIONAL PARTIES SHOULD BE CONSISTENT WITH CALIFORNIA LAW. FEDERAL RULE OF CIVIL PROCEDURE 15(C)(1) PROVIDES THAT AN "AMENDMENT OF A PLEADING RELATES BACK TO THE ORIGINAL DATE OF THE PLEADING WHEN…RELATION BACK IS PERMITTED BY THE LAW THAT PROVIDES THE STATUTE OF LIMITATIONS APPLICABLE TO THE ACTION." CALIFORNIA LAW, WHICH APPLIES TO THIS DIVERSITY CASE, ALLOWS PARTIES TO JOIN DOE DEFENDANTS WITHIN THREE YEARS OF THE FILING OF A COMPLAINT WHEN THE PLAINTIFF DID NOT KNOW 1) THE DEFENDANT'S NAME OR 2) THE FACTS MAKING THE DOE DEFENDANT LIABLE. CAL. CODE CIV. PRO. § 474, *MISHALOW V. HORWALD* 41 Cal.Rptr. 895, 231 Cal.App.2d 517, 521-522 (1964).

ACCORDINGLY, PLAINTIFFS PROPOSE THAT THE DEADLINE TO JOIN ADDITIONAL PARTIES BE CONSISTENT WITH CALIFORNIA LAW.

**CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

6. Plaintiffs consent to the assignment of this case to a United States Magistrate Judge for jury trial.

Bayer does not consent to the assignment of this case to a United States Magistrate Judge for jury trial. *[Note: Each party who declines to consent to jurisdiction of the magistrate judge must timely file the "Request for Reassignment to a United States District Judge for Trial and Disposition," as required by General Order 44.]*

**ALTERNATIVE DISPUTE RESOLUTION**

7. The parties have already been assigned *[or the parties have agreed]* to the following court ADR process *[e.g., Nonbinding Arbitration, Early Neutral Evaluation, Mediation, Early Settlement Conference with a Magistrate Judge] [State the expected or scheduled date for the ADR session]*:

At this time, Bayer is not in a position to engage in settlement discussions. The Trasylol litigation, including discovery, is in its early stages, and the overall scope of the litigation is as yet unknown. Plaintiffs are willing to agree to private mediation. The parties have filed ADR certifications and a Notice of Need for ADR Phone Conference because the parties could not agree to a form of ADR. Pursuant to the ADR Phone Conference Scheduling Notice, the parties will participate in an ADR phone conference on November 29, 2007.

8. The ADR process to which the parties jointly request *[or a party separately requests]* referral**:**

See Section 7 above.

**EVIDENCE PRESERVATION**

On the subject of document preservation, Bayer represents as follows:

The Trasylol document preservation program of BPC and Bayer Corp. began with the issuance of an initial document preservation directive in January 2006, and continued with the issuance of

4

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**

additional preservation directives and reminder notices, as well as the copying of a significant volume of Trasylol documents to be preserved for the duration of the Trasylol litigation.

The Trasylol document preservation program of BPC and Bayer Corporation was the subject of a motion for preservation order filed by plaintiff in a Trasylol personal injury lawsuit pending in the United States District Court for the Middle District of Tennessee, *Davis v. Bayer Corporation, et al.* (Civil Action No. 03:07-cv-0115). By order entered November 6, 2007, the Court in the *Davis* case denied plaintiff's motion for entry of preservation order, and found that the defendants' preservation efforts were sufficient, with "no indication that the defendants are not preserving the required documents." The Court in *Davis* ordered only one change to the defendants' document preservation program; instead of 6-months intervals, the Court required the defendants to issue reminder preservation notices every 3 months.

## DISCLOSURES

9. Plaintiffs and Bayer shall serve their Rule 26(a)(1) Disclosures by December 14, 2007. Discovery may commence thereafter. BPC shall serve its Rule 26(a)(1) disclosure by the latter of December 14, 2007, or the day after BPC files its answer to a further amendment of plaintiffs' Amended Complaint adding BPC as a defendant.

## DISCOVERY & MOTIONS

10. The parties agree to the following discovery plan:

A. BPC shall complete the production of the documents described below in section 10(N)(2) by the latter of February 14, 2008 or the day after the filing of its answer to a further amendment of plaintiffs' Amended Complaint adding BPC as a defendant.

B. Subject to the limitations in Section 10(L) below, depositions of defendants' fact witnesses shall commence after February 14, 2008.

5

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**

C. All fact discovery, including depositions of fact witnesses, shall be completed by January 31, 2009.

D. All written discovery shall be submitted in sufficient time to afford to the responding party the period provided by the Federal Rules of Civil Procedure within which to serve its response prior to the fact discovery deadline of January 31, 2009. Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure shall be limited to seventy-five (75). Subparts thereof shall be counted as a separate interrogatory for purposes of computation of the interrogatory limit.

E. EXPERT WITNESS DISCOVERY

PLAINTIFFS AND BAYER HAVE BEEN UNABLE TO AGREE ON PROVISIONS FOR EXPERT WITNESS DISCOVERY. THE RESPECTIVE POSITIONS OF THE PARTIES ARE NOTED BELOW.

PLAINTIFFS' POSITION:

Expert witness discovery shall proceed according to the Federal Rules of Civil Procedure and this Court's local rules. The parties shall exchange their initial Rule 26(a)(2) disclosures no later than April 15, 2009, and expert witness depositions shall be completed no later than August 31, 2009.

BAYER'S POSITION:

E.(i) Plaintiffs shall identify and provide all information specified in Rule 26(a)(2)(B) with respect to their expert witnesses, if any, not later than April 1, 2009.

E.(ii) Depositions of plaintiffs' expert witnesses shall be completed by June 1, 2009.

E.(iii) Defendants shall identify and provide all information specified in Rule 26(a)(2)(B) with respect to their expert witnesses, if any, not later than July 31, 2009.

E.(iv)  Depositions of defendants' expert witnesses, and all expert witness discovery generally, shall be completed by October 1, 2009.

F.  All dispositive motions and *Daubert*-style motions shall be filed not later than October 15, 2009.  Responses to dispositive motions shall be filed within thirty (30) days after service of the motion.

G.  All motions in limine shall be filed at least twenty (20) days prior to the final pretrial conference.  Any opposition to motions in limine shall be filed within ten (10) days prior to the final pretrial conference.

H.  All Rule 26(a)(3) pretrial disclosures, including witness and exhibit disclosures, shall be served and filed no later than November 20, 2009.  All objections to such disclosures shall be served and filed no later than December 18, 2009.

I.  All designations of deposition testimony shall be served and filed no later than November 20, 2009.  All objections to designations of deposition testimony and all counter-designations of deposition testimony shall be served and filed no later than December 4, 2009.  All objections to counter-designations of deposition testimony shall be served and filed by December 18, 2009.

J.  A final pretrial conference will be held on _____ at _____ __.m.

K.  <u>Production of Documents – General Provisions</u>

(1)  To promptly initiate document production, and without prior request for production by plaintiffs, BPC will, upon the further amendment of plaintiffs' Amended Complaint to add BPC a defendant and the filing of BPC's answer thereto, produce to plaintiffs the documents described below in Section 10(K)(2).  BPC's document production described in Section 10(K)(2) is without prejudice to

7

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**

plaintiffs' rights to employ standard discovery methods, including the service of requests for production of documents upon BPC.

  (2)  BPC shall produce to plaintiffs the following Trasylol-related documents to the extent that the documents are not privileged and are otherwise discoverable under the Federal Rules of Civil Procedure:

    (i)  hard-copy (paper) documents and Electronically Stored Information ("ESI") of 30 present or former employees who have or had Trasylol-related responsibilities. BPC has provided plaintiffs with a list of the names and titles of these 30 employees. Present and former employees' hard-copy (paper) documents and ESI productions will be made, as applicable, and available upon a reasonably diligent search, from paper files maintained by the individual, the hard drive of the individual's personal computer, the individual's Lotus Notes e-mail file, and the individual's home share file on file share servers;

    (ii)  hard-copy (paper) documents and/or ESI from the following databases and files:

      (1)  Trasylol portion of the Goldmine database;

      (2)  Trasylol portion of the Faxback database;

      (3)  Investigational New Drug Application, New Drug Application and Supplemental New Drug Applications for Trasylol;

      (4)  Regulatory Affairs department correspondence/contact files regarding communications and contacts with the FDA concerning Trasylol;

      (5)  Trasylol Resource Center database;

      (6)  www.trasylol.com website;

(7) Promotional and marketing materials for Trasylol.

(3) Plaintiffs may request the production of documents of additional present or former employees of BPC or Bayer Corporation as well as other documents from non-employee-specific sources in addition to those listed immediately above in section 10(K)(2). Production of such additional documents, if any, shall commence following completion of the production of the documents described in section 10(K)(2) above absent the parties' agreement, or failing such agreement, an order, to alter the production sequence. To the extent plaintiffs seek the production of personal file materials of additional present or former employees of BPC or Bayer Corporation, plaintiffs shall serve their request for production of such documents by March 14, 2008. To the extent plaintiffs seek the production of the personal file materials of not more than five (5) additional present or former employees of BPC or Bayer Corporation, BPC shall, absent good cause, produce the responsive personal file materials by July 15, 2008. To the extent plaintiffs seek the production of the personal file materials of more than five (5) additional present or former employees of BPC or Bayer Corporation, the parties shall negotiate in good faith with the objective of reaching agreement on the scope and date for such additional document production.

(4) Except for the sources of documents specifically set forth in section 10(K)(2), defendants may object, in a manner consistent with the Federal Rules of Civil Procedure and the local rules of this Court, to the production of documents that may be requested by plaintiffs.

(5) Defendants agree that, in the event that defendants produce any documents or materials in another Trasylol products liability lawsuit and those documents or materials have not been produced in this case, defendants will produce such documents or materials in this case subject to any and all objections to production on the grounds of relevance and/or any applicable privilege or work product protection.

(6) Upon receipt from plaintiffs of decedent's medical records identifying the physician who administered Trasylol to plaintiffs' decedent, BPC will produce Trasylol-related documents that are non-privileged and are otherwise discoverable under the Federal Rules of Civil Procedure from the files of any of defendants' sales representative(s) who had contacts with the physician(s) who administered Trasylol to plaintiffs' decedent.

(7) If plaintiffs serve defendants with Requests for Production under Federal Rule of Civil Procedure 30, and defendants already have produced documents and/or ESI pursuant to Paragraph 10(K)(2) above that are responsive to any such Request, then as part of their response to such Request, defendants will describe such responsive documents and/or ESI.

L.  Depositions of Defendants' Personnel

Plaintiffs may not notice the depositions of the 30 persons referenced above in Section 10(K)(2)(i) until after February 14, 2008.  Plaintiffs may not notice the deposition of present or former employees of defendants other than the 30 persons referenced above in Section 10(K)(2)(i) until after (i) February 14, 2008 and (ii) production of the individual's hard-copy (paper) documents and ESI pursuant to the procedures described above in section 10(K). Defendants shall provide a formal written notice (email acceptable) advising plaintiffs when the items specified above in section 10(K)(2)(i) of a current or former employee have been produced.   In the event that plaintiffs depose present or former employees of BPC or other U.S. Bayer entities prior to the completion of defendants' document production (such production being defined above in sections 10(K)(1), (2), (3) and (6)), the individual may not be re-deposed on the grounds of discovery of relevant information contained in later-produced documents, absent good cause.

In order to minimize the number of times that any employee or former employee of defendants is required to give a deposition in the Trasylol-related lawsuits pending around the country, defendants

10

intend to cross-notice such depositions in this and other Trasylol-related lawsuits. This includes depositions noticed of persons in their individual capacities and depositions noticed of a defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)").  The fact that a person whom a defendant designates to testify as a corporate representative in response to a Rule 30(b)(6) deposition notice has already been deposed in his or her individual capacity will not, standing alone, preclude plaintiffs from deposing the defendant pursuant to Rule 30(b)(6).  Defendants reserve the right to object to any such Rule 30(b)(6) deposition notice, and such objections may include (but are not limited to) an objection concerning the number of times the individual designated in response to the deposition notice has previously been required to provide deposition testimony in a Trasylol-related lawsuit.

    M.    <u>Format of Document Production</u>

        (a)    <u>General Provisions</u>

(1)    Defendants will produce paper and electronic documents in single-page Tagged Image File Format (".tiff format").  Document productions will be accompanied by a load file in iPro format. The load file will provide the Bates number attachment range for email or other documents containing attachments.  For documents that do not contain redactions, defendants will produce an extracted text file for electronic documents and an Optical Character Recognition ("OCR") text file for imaged paper documents.   For documents that contain redactions, defendants will provide an OCR text file for the unredacted portions of such documents.

(2)    Each page of a produced document will contain a legible, unique identification number ("Bates number") and confidentiality notice, where applicable, which will be placed on the page image in a manner that does not conceal or interfere with any information contained on the page.  No other

11

stamp or information will be placed on a document other than Bates number, confidentiality notice, and any redactions. This provision does not apply to databases produced in native electronic format.

(3)    Defendants' document productions will be made on CD, DVD, or hard drive. If a production is provided on a hard drive, the receiving party will return the hard drive to the producing party within a reasonable time after receipt and downloading of the information and document images contained thereon.

(4)    Plaintiffs will produce documents in a format consistent with the Federal Rules of Civil Procedure and this Court's local rules.

(b)    <u>Objective coding and metadata</u>

(1)    Defendants will provide objective coding information as described below with each production. Defendants may redact objective coding if it contains privileged or work product information; any such redactions will be noted, including a description of the grounds for the redaction, in the privilege log described below in section 10(M)(e).

(2)    Defendants will provide the following coding information for electronic documents:

    (a)    custodian or source

    (b)    starting and ending production number

    (c)    electronic document type (e.g. word processing, email, spreadsheet, etc.) and type of file extension

    (d)    date (date-sent for e-mail; date-created and date-last-modified for non-email electronic documents)

    (e)    title (subject line for e-mail; file name or title on face of document for non-email electronic documents)

    (f)    author(s)

(g) recipient(s) (for email)

(h) cc(s) (for email)

(i) bcc(s) (for email)

(3) Defendants will provide the following coding information for paper documents if defendants have created such information for their own use with respect to this litigation:

(a) custodian or source

(b) starting and ending production number

(c) document type (e.g. report, email, letter, article, etc.)

(d) date (if determinable from face of document)

(e) title (if determinable from face of document)

(f) author(s)

(g) recipient(s)

(h) cc(s)

(i) bcc(s)

(4) To the extent that plaintiffs produce electronic documents and/or create coding information for paper documents for plaintiffs' own use, plaintiffs will provide objective coding in the format as set forth in paragraphs (2) and (3) above. Plaintiffs may review and, where necessary, revise or redact objective coding if it contains privileged or work product information.

(5) With respect to objective coding information provided for paper documents, the parties will make reasonable efforts to provide accurate information with respect to subparagraphs 3(c) through 3(i), but the parties do not certify the reliability, accuracy or completeness of objective coding as to any particular paper document. Objective coding of paper documents is not evidence and may not be used by any party for any purpose other than document management in this litigation.

(6) Objective coding information for electronic documents, as set forth in subparagraphs 2(c) through 2(i), will be derived from metadata associated with the document. However the parties understand that metadata differs between types of electronic documents and that particular electronic documents may not contain metadata for all of the fields described in subparagraphs 2(c) through 2(i). Other than information described in subparagraphs 2(c) through 2(i), defendants are not required to provide other metadata that may be associated with an electronic document.

(c) <u>Redaction of documents</u>

(1) Defendants may redact documents that contain (1) information relating to Bayer products other than Trasylol or similar Bayer products investigated or developed to reduce blood loss or blood transfusion requirements in surgery; (2) information that is subject to a claim of privilege; (3) information that is private, such as social security numbers, or names/addresses of patients involved in clinical studies; and (4) information which defendants are not permitted to disclose under FDA regulations, specifically including any information that identifies a patient who is the subject of an adverse event report or that identifies any reporter of an adverse event other than defendants' employees.

(2) In addition to the coding information described in paragraph Q above, defendants will provide for each redacted document an additional coding field which describes the reason(s) for any redaction on the document, e.g. "other product", "privacy", "privilege".

(3) Plaintiffs retain the right to move to compel production of redacted information, and defendants retain the right to object. Any failure to redact information described above does not waive any right to claims of privilege or privacy, or any objection including relevancy, as to the specific document or any other document that is or will be produced.

(d) <u>Databases</u>

14

Prior to production of any database not already identified for production in section 10(K)(2)(ii) of the Case Management Order, the parties will meet and confer regarding the discoverability and feasibility of any request for production of a database including the form and content of any such production. Defendants will make reasonable efforts to produce Trasylol-related data from electronic databases that operate with generally available software in native database format (including data and schema) where practical and feasible. Where such production is not practical or feasible, the parties will confer upon an appropriate form of production. The Court's assistance regarding the discoverability, form, and scope of production of data from a database may only be sought after the parties have failed to reach agreement after good faith discussion.

    (e)    <u>Privilege Log</u>

The parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. A party will produce a privilege log within 90 days after its first production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions.

    (f)    <u>Costs of Production</u>

While each party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents and reasonably accessible electronic documents, initially each party will bear the costs to process, review and produce its own documents and reasonably accessible ESI.

N.    <u>Inadvertent Production of Privileged Material</u>

(1)    Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing within 30 days of discovery of the

inadvertent production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. If the receiving party elects to file a motion pursuant Section 10(N)(3) below, the receiving party, subject to the requirements of Section 10(N)(2) below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the court of the Section 10(N)(3) motion. If the receiving party's Section 10(N)(3) motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this Section 10(N)(1).

(2) No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.

(3) The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefor the fact or circumstances of the inadvertent production.

O. None of the defendants shall be required to produce documents or information relating to: (i) the chemical structure or composition of, (ii) the manufacturing, production or quality control processes for, (iii) the results of pre-clinical and/or clinical tests and studies of, (iv) financial information regarding developmental expenditures, budgets, and other projections of future developmental expenses, (v) information specifying preclinical and/or clinical developmental plans, and/or (vi) other highly sensitive business information regarding compounds developed by Bayer, other

than Trasylol (aprotinin), that may reduce blood loss and the need for blood transfusions.  To the extent defendants withhold or redact documents or information related to such compounds on the basis of category 10(O)(vi) set forth immediately above, defendants shall inform plaintiffs of the nature of the highly sensitive business information.  To the extent documents containing information relating to other compounds also include information relating to Trasylol, such Trasylol-related information will be provided to plaintiffs to the extent it is non-privileged and discoverable under the Federal Rules of Civil Procedure.  Plaintiffs reserve the right – based upon further information to be secured through discovery – to move to compel the production of the above-described highly sensitive business information regarding compounds developed by Bayer, other than Trasylol (Aprotinin) that may reduce blood loss and the need for blood transfusions.

## TRIAL SCHEDULE

11. The parties request a trial date as follows:

The parties anticipate that the case will be ready for trial on or after February 1, 2010.  This action is set for jury trial on _____, 2010.

12. The parties expect that the trial will last for the following number of days:

The parties anticipate that the trial will require ten (10) trial days.

17

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**

/s/ *Michael A. Kelly*
Michael A. Kelly (State Bar No. 71460)
Khaldoun A. Baghdadi (State Bar No. 190111)
Emily C. Wecht (State Bar No. 240106)
WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108-2615
Telephone: (415) 981-7210
Facsimile: (415) 391-6965
mkelly@walkuplawoffice.com
ewecht@walkuplawoffice.com

Attorneys for Plaintiffs

/s/ *Catherine Valerio Barrad*
Catherine Valerio Barrad (State Bar No. 168897)
Christine K. Son (State Bar No. 223190)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
cbarrad@sidley.com
cson@sidley.com

Steven E. Derringer
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
steven.derringer@bartlit-beck.com

Richard K. Dandrea
ECKERT SEAMANS CHERIN & MELLOTT, LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 566-6000
Facsimile: (412) 566-6099
rdandrea@eckertseamans.com

Attorneys for Defendant Bayer Corporation

# CASE MANAGEMENT ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.**

**Plaintiffs are ordered to serve a copy of this order on any party subsequently joined in this action.**

Dated: _____    _____
                                                                      ELIZABETH D. LAPORTE
                                                                       United States Magistrate Judge

1

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**NITZBERG, ET AL. V. BAYER CORPORATION**
**CASE NO. C-07-04399 EDL**