LAW OFFICES OF
**WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MICHAEL A. KELLY (State Bar #71460)
KHALDOUN BAGHDADI (State Bar #190111)
EMILY C. WECHT (State Bar #240106)
**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL NITZBERG by and through his guardian ad litem, ELENA STORER, and MATTHEW NITZBERG by and through his guardian ad litem, ELENA STORER, and ELENA STORER, individually,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CORPORATION; BAYER PHARMACEUTICALS CORPORATION and DOES TWO through ONE HUNDRED, and each of them,<br><br>Defendants. | Case No. C 07-04399 CW<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>**[Wrongful Death, Negligence, Strict Liability – Failure to Warn, Violation of Statute – Negligence Per Se, Deceit by Concealment]** |

**FIRST CAUSE OF ACTION**
**[Negligence]**

Come now plaintiffs Elena Storer, Samuel Nitzberg by and through his *guadian ad litem* Elena Storer and Matthew Nitzberg by and through his *guadian ad litem* Elena Storer, and for a First Cause of Action complain of defendants Bayer Corporation, Bayer Pharmaceuticals Corporation and Does Two through Fifty, and each of them, and allege as follows:

1. The true names, capacities or involvement, whether individual, corporate,

governmental or associate of the defendants named herein as Doe, are unknown to plaintiffs who therefore sue said defendants by such fictitious names.  Plaintiffs pray leave to amend this complaint to show their true names and capacities, when the same have been finally determined.

Plaintiffs are informed and believe, and upon such information and belief allege, that each of the defendants designated herein as Doe is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injury and damages legally thereby to plaintiffs as is hereinafter alleged.

2. At the time of the Filing of the Complaint, plaintiffs were ignorant of the name, capacity, involvement, and facts giving rise to liability of Bayer Pharmaceuticals Corporation in the events giving rise to this action.  Plaintiff has since learned the name, capacity, involvement, and facts giving rise to liability of Bayer Pharmaceuticals Corporation and hereby names Bayer Pharmaceuticals Corporation as defendant Doe One.

3. At all times herein mentioned, each and every of the defendants herein was the agent, servant, partner, joint venturer, employee and/or franchisee of each of the other defendants, and each was at all times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

4. At all times herein mentioned, defendants Bayer Corporation, Bayer Pharmaceuticals Corporation and Does Two through Twenty-Five, and each of them, were corporations and other businesses licensed to do and doing business within the State of California, and more particularly, with the City and County of San Francisco.  At all relevant times, said defendants were engaged in the business of testing, manufacturing, distributing, marketing and selling prescription drugs and over the counter medications and products, including the drug Trasylol (also known as aprotinin injection).  At all relevant times the defendants herein marketed, sold and distributed Trasylol within the City and County of San Francisco.

4. At all relevant times herein, decedent Robert Nitzberg was prescribed and administered the drug Trasylol while a patient at the University of California Medical Center in the City and County of San Francisco.  Subsequent to the administration of such drug, the death of Robert Nitzberg occurred within the jurisdiction of this court.

LAW OFFICES OF
**WALKUP, MELODIA, KELLY WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
**SECOND AMENDED COMPLAINT FOR DAMAGES** - CASE NO. C 07-04399 CW

5. Prior to February 16, 2005, defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty compounded, tested, failed to test, manufactured, distributed, marketed and sold the drug Trasylol for patients undergoing cardiac surgery.

6. On February 16, 2005, decedent Robert Nitzberg underwent cardiac surgery during which he was prescribed and administered the drug Trasylol.

7. In and prior to February of 2005, defendant Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty were aware of dangerous, harmful, and potentially fatal side effects, complications and reactions of the drug above described as well as its contra-indications for use in a patient such as plaintiffs' decedent. Such risks included but were not limited to cardiac failure.

8. In and prior to February of 2005, defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty, and each of them, advertised, promoted and marketed to medical professionals the prescription drug Trasylol. In connection with such marketing, advertising and promoting, defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty, and each of them, failed and omitted to accurately describe all known or knowable side effects, complications and risks of physical injury, including the risk of death, and cardiac failure associated with the use of the drug Trasylol in patients undergoing cardiac surgery.

9. In connection with the marketing of the drug Trasylol defendants sought to create an image, impression and belief in potential prescribers, that the utilization of Trasylol was safe for persons undergoing cardiac surgery, had fewer side effects and/or adverse reactions than other drugs used to prevent blood loss during cardiac surgery, and was more effective than other drugs used to prevent blood loss during cardiac surgery.

10. In and prior to February of 2005, defendant Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty, and each of them, in connection with their advertising and marketing of the above-described drug, understated the state of their actual knowledge regarding the health hazards and risks associated with the utilization of Trasylol in cardiac surgery, for the purpose of promoting and increasing sales, use, and prescription of said

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
**SECOND AMENDED COMPLAINT FOR DAMAGES** - CASE NO. C 07-04399 CW

drug.

11. Having obtained information concerning the uses and benefits of Trasylol from defendant Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty, decedent Robert Nitzberg's treating physicians prescribed and administered Trasylol to him in connection with his cardiac surgery.

12. In and prior to February of 2005, defendant Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty, and each of them, had a duty to properly, carefully, and non-negligently formulate, manufacture, test, research, label, advertise, and sell Trasylol.

13. At all relevant times herein, defendant Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty, and each of them, were negligent and careless in and about their testing, promoting, advertising, marketing, labeling, warning and sale of the above-described drug, and further, said defendants and each of them negligently and carelessly failed to adequately test said drug and/or to warn of its known or knowable side effects, risks and dangers in such a way as to make such warnings and instructions efficacious.

14. On March 6, 2005, decedent Robert Nitzberg died. The death of Robert Nitzberg was a direct and legal result of the negligence and carelessness of defendant Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty.

15. By reason of the death of Robert Nitzberg, plaintiffs have been deprived of a kind and loving husband and father, and of his care, comfort, society, companionship, protection, emotional and financial support, solace, gifts, and love all to their economic (special) and non-economic (general) damage in sums in excess of the jurisdictional limit of this court; and further, plaintiffs have incurred certain funeral and burial expenses, the exact amounts of which are presently unascertained. Plaintiffs pray leave to insert said amount once the same is finally determined.

16. Plaintiff Elena Storer is the surviving spouse of decedent Robert Nitzberg. Plaintiffs Matthew Nitzberg and Samuel Nitzberg are the surviving minor children of Robert Nitzberg. Plaintiffs constitute all of decedent Robert Nitzberg's heirs at law.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
**SECOND AMENDED COMPLAINT FOR DAMAGES** - CASE NO. C 07-04399 CW

17. Plaintiffs Matthew Nitzberg and Samuel Nitzberg are minors and are pursuing this action through their guardian *ad litem*, Elena Storer.

18. Plaintiffs did not discover and could not reasonably have discovered the negligence and carelessness of the defendants and each of them, as herein alleged until a date on or after September 30, 2006 when the defendants first acknowledged that they had failed to disclose relevant information to the Food and Drug Administration and other regulators in connection with efforts to market Trasylol. Neither defendants' actions and omissions in connection with the drug Trasylol nor the side effects, complications, and dangers associated with Trasylol were known by plaintiffs or reasonably knowable to plaintiffs until that time. Accordingly, this action is timely filed.

## SECOND CAUSE OF ACTION

### [Strict Liability – Failure to Warn]

Plaintiffs complain of defendants and for a Second Cause of Action allege as follows:

19. Plaintiffs hereby refer to, reallege, and incorporate by this reference, each and every allegation of each and every paragraph of the First Cause of Action, and make them a part of this, the Second Cause of Action as though set forth in full.

20. The drug Trasylol was defective at the time of its marketing, sale and distribution, in that said drug and its warnings, instructions and directions for use were inadequate. The instructions, directions and warnings failed to warn of the dangerous propensity of the drug for cardiac failure, cardiac surgery complications, stroke, and death, which such risks were known or reasonably scientifically knowable to the defendants at the time the said drug was marketed and prescribed for the decedent. Decedent Robert Nitzberg's death was caused by the failure to provide adequate warning and instructions by the defendants, and each of them.

21. At all times herein mentioned defendant Bayer Corporation, Bayer Pharmaceuticals Corporation, and Does Two through Fifty, and each of them, knew the product was to be used by health care professionals in reliance on defendants' representations, warnings, and instructions. Decedent Robert Nitzberg's treating health care professionals neither knew nor had reason to suspect at the time of their use of Trasylol of the existence of the characteristics, contraindications

LAW OFFICES OF
**WALKUP, MELODIA, KELLY WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

and/or dangers of which defendants failed to warn or instruct.

22. Plaintiffs were caused to suffer the injuries and damages herein above and hereinafter set forth.

23. By reason of the premises defendants Bayer Corporation, Bayer Pharmaceuticals Corporation and Does Two through Fifty are strictly liable in tort to plaintiffs.

WHEREFORE, plaintiffs pray judgment against defendants and each of them as hereinafter set forth.

## THIRD CAUSE OF ACTION

## [Violation of Statute – Negligence Per Se]

Plaintiffs complain of defendants and for a Third Cause of Action allege as follows:

24. Plaintiffs hereby refer to, reallege, and incorporates by reference, each and every allegation of the First and Second Causes of Action, and make them a part of this, the Third Cause of Action as though set forth in full.

25. At all times herein mentioned the defendants, and each of them, had an obligation not to violate the law in the marketing, labeling, packaging, warning of risks and distribution instructions for the utilization of the aforementioned drug.

26. At all times herein mentioned, the defendants, and each of them, violated the California Health and Safety code, and in particular, §§110290, 110390, 110395, 110400, 110403 and 110413, in that, among other things, the warnings, instructions, advertising and labeling of the above-described drug failed and omitted to accurately and properly inform or advise consumers and medical professionals (including decedent and decedent's medical professionals) of the risk and danger of cardiac failure, cardiac surgery complications, mortality and death in a manner that was factual and accurate in degree and extent.

27. Defendants and each of them failed to comply with the standard of care established by the above-described statutes which such regulations and statutes were intended for the benefit of medical professionals, such as those treating decedent, and consumers, such as decedent.

28. The labeling and packaging for the drug did not describe all known instances of cardiac complications, cardiac failure, and death occurring in the United States and elsewhere;

LAW OFFICES OF
**WALKUP, MELODIA, KELLY WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
**SECOND AMENDED COMPLAINT FOR DAMAGES** - CASE NO. C 07-04399 CW

there was inadequate information regarding the special care to be exercised by prescribing doctors for safe and effective use of the drug Trasylol; there was inadequate information provided to patients for the safe and effective use of the drug Trasylol; the labeling, instructions, and warnings failed to properly advise and warn of the risk of cardiac failure; the labeling, packaging and instructions were misleading in violation of Health & Safety Code §§111330 and 110290; and, the defendants advertising and representations regarding the drug were not accurate, unambiguous or clear, in violation of relevant Health & Safety code provisions, including but not limited to, Health & Safety Code §110390.

29.   Decedent Robert Nitzberg's death was a direct and legal result of defendants violations of the statutes above-described, and plaintiffs were caused to suffer and sustain the injuries and damages herein above and hereinafter set forth by reason of said violations.

WHEREFORE, plaintiffs pray judgment against defendants and each of them as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**[Deceit by Concealment – California Civil Code §§ 1709-1710]**

Plaintiffs complain of defendants Bayer Corporation, Bayer Pharmaceuticals Corporation and Does Two through Fifty and for a Fourth Cause of Action allege as follows:

30.   Plaintiffs hereby refer to reallege and incorporate by reference, each and every allegation of the First Cause of Action, and makes them a part of this, the Fourth Cause of Action as though set forth in full.

31.   Defendants Bayer Corporation, Bayer Pharmaceuticals Corporation and Does Two through Fifty, and each of them, during the time that the above-described drug was marketed, distributed, sold and advertised, deceived the decedent, the decedent's physicians, and other consumers and physicians by concealing from such persons the true facts concerning the drug Trasylol, which the defendants as, makers, marketers, advertisers, sellers and distributors had a duty to disclose.

32.   Prior to the date on which decedent was prescribed and administered Trasylol, the defendants failed and omitted to properly disclose to decedent, his physicians, or the general

LAW OFFICES OF
**WALKUP, MELODIA, KELLY WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
**SECOND AMENDED COMPLAINT FOR DAMAGES** - CASE NO. C 07-04399 CW

public, their true knowledge regarding the frequency and extent of cardiac failure, and death as well as complications identified in the defendants' own internal studies.

33. Notwithstanding actual knowledge by the defendants about risks of cardiac failure and death, defendants knowingly and purposely continued to misrepresent and under-represent the actual known number of cases of cardiac failure and death, and failed and omitted to compose, circulate, and publicize appropriate warnings and instructions for use prior to decedent's death.

34. In addition to the defendants' failure to identify and warn of known cases of cardiac failure and death the defendants and each of them, failed and omitted to report all adverse drug effects (ADE's) to the Federal Drug Administration. Notwithstanding the fact that the defendants, and each of them, received knowledge and notice of cardiac failure, and death associated with the use of Trasylol, the defendants did not transmit all of said information to the FDA.

35. At all times herein mentioned, the defendants, and each of them, conducted a sales, advertising, and marketing campaign to promote the sale of the drug Trasylol and willfully deceived consumers and physicians, including the decedent and his physicians, and the general public as to the health risks and consequences of the use of the drug Trasylol in connection with cardiac surgery.

36. At all relevant times the defendants, and each of them, were aware that the above-described drug was hazardous to the health of certain consumers, and that said drug had a known propensity to cause cardiac failure, and death, but defendants failed and omitted to disclose and communicate such knowledge.

37. At all relevant times the defendants purposefully and intentionally concealed the true facts concerning the serious risks of the drug Trasylol with the specific intent toincrease and maintain sales and avoid any decrease or interruption of physicians prescribing said drugs to their patients. Defendants' motivation in this respect was to promote the sale of the product, and to generate profit, knowing that if prescribing physicians had all of the true facts regarding the drug Trasylol, such physicians would not prescribe said drug.

38. Decedent's death occurred as a direct and legal result of the matters above described, and as a legal result of the deceitful conduct by the defendants.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

8
**SECOND AMENDED COMPLAINT FOR DAMAGES** - CASE NO. C 07-04399 CW

///

///

WHEREFORE, plaintiffs pray judgment against the defendants, and each of them, jointly and severally as follows:

A.  For general (non-economic) damages according to proof at the time of trial;

B.  For special (economic) damages according to proof at the time of trial;

C.  For prejudgment interest as permitted by law;

D.  For costs of suit incurred herein; and

E.  For such other and further relief as this Court may deem proper.

Dated:  December 21, 2007               WALKUP, MELODIA, KELLY,
                                         WECHT & SCHOENBERGER


                                         _____/s/_____
                                         EMILY C. WECHT
                                         Attorney for Plaintiff

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
**SECOND AMENDED COMPLAINT FOR DAMAGES** - CASE NO. C 07-04399 CW