

FILED

JAN – 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND



RECEIVED

JAN – 2 2008

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:  Trasylol® Products Liability Litigation | MDL Docket No. _____ |

## BRIEF IN SUPPORT OF MOTION FOR
## TRANSFER AND CONSOLIDATION OF RELATED ACTIONS

Plaintiffs have sued Bayer Corporation, Bayer Pharmaceuticals Corporation, Bayer HealthCare LLC, Bayer AG, and Bayer HealthCare AG, or some combination of these defendants, in 18 federal personal injury actions relating to the prescription medication Trasylol®.  Those cases are pending in 14 different districts around the country.  An additional 15 Trasylol® cases have been filed in state courts, 8 of them in Connecticut.

For the convenience of the parties and witnesses, and to promote the just and efficient pretrial conduct of these claims, the federal lawsuits should be transferred to a single district for consolidated and coordinated pre-trial proceedings.  Specifically, the moving defendants request that the cases be transferred to the District of Connecticut, where most of the state Trasylol® cases are pending and where Bayer Pharmaceuticals Corporation is currently headquartered.

## BACKGROUND

Trasylol® is a prescription pharmaceutical approved to reduce blood loss in patients who are at an increased risk for blood loss and blood transfusion and who are placed on a heart-lung bypass machine during coronary artery bypass graft ("CABG") surgery.[1]  In CABG surgery, blood vessel grafts are used to redirect blood around clogged arteries to increase blood flow and oxygen to the heart.  Trasylol® — the proprietary name for aprotinin injection — is administered intravenously during the surgery to reduce bleeding and to reduce the need for blood transfusions and for surgical re-exploration for bleeding.

Trasylol® was approved by the Food and Drug Administration ("FDA") in 1993.  At the time of each of the surgeries alleged in the federal actions (ranging from October 2003 to March 2007), Trasylol® was sold in the United States either by Bayer Corporation or by Bayer Pharmaceuticals Corporation, which currently has regulatory responsibility for Trasylol® in the United States.[2]  Although Trasylol® has been used in bypass surgery in this country for many years, it did not become the focus of litigation until 2007.  The commencement of that litigation followed the publication in early 2006 of two studies claiming that Trasylol® was associated with increased risks of certain adverse events, including renal (kidney) impairment.

On November 5, 2007, following consultation with the FDA and other regulatory bodies, Bayer Pharmaceuticals Corporation and Bayer HealthCare AG announced a temporary voluntary suspension of worldwide marketing of Trasylol® pending review of the final results from a

---

[1]    The acronym "CABG" is pronounced "cabbage."  Persons outside the medical profession generally refer to this operation as "bypass surgery."

[2]    Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania.  Bayer Pharmaceuticals Corporation, a wholly-owned subsidiary of Bayer Corporation, is a Delaware corporation with its principal place of business in Connecticut.

Canadian clinical study known as BART.[3]  According to reports from the study investigators,

preliminary results of the Canadian study indicated Trasylol® was more effective than other anti-

bleeding agents in reducing bleeding but also indicated a possible increase in all-cause mortality

in the Trasylol® arm of the study.

The first of the current 18 federal lawsuits relating to Trasylol® was filed against Bayer

Corporation and Bayer Pharmaceuticals Corporation in late January 2007.[4]  An additional 15

Trasylol® cases are pending in state courts.  More than half of these state cases have been filed

in Connecticut, where Bayer Pharmaceuticals Corporation currently has its headquarters.[5]  Many

of these state and federal cases also name a separate entity, Bayer HealthCare LLC, as well as

one or both of two entities headquartered in Germany, Bayer AG and Bayer HealthCare AG.

All plaintiffs allege that they (or their decedents) were administered Trasylol® and

suffered adverse effects from it.  The complaints allege, *inter alia*, that one or more Bayer

defendants failed to warn of alleged risks of Trasylol®; that they breached express or implied

---

[3]  Bayer HealthCare AG is a German entity with its principal place of business in Leverkusen, Germany.

[4]  The pending federal cases are identified in the Schedule of Actions filed herewith.  A courtesy copy of the complaints and the docket sheets in those cases has been provided to the Panel.

[5]  Eight cases are pending in the Superior Court of New Haven, Connecticut:  *Ballard* v. *Bayer Corp. et al.*, No. NNH-CV-07-5013675-S (filed Aug. 31, 2007); *Campbell* v. *Bayer Corp. et al.*, Return Date Jan. 15, 2008 (no docket number assigned); *Chavez* v. *Bayer Corp. et al.*, NNH-CV-08-5016268-S (filed Dec. 14, 2007); *Cohen* v. *Bayer Corp. et al.*, NNH-CV-07-5015869-S (filed Nov. 30, 2007); *Mack* v. *Bayer Corp.*, NNH-CV-07-5013674-S (filed Aug. 31, 2007); *Oshop* v. *Bayer Corp. et al.*, NNH-CV-07-5015142-S (filed Oct. 26, 2007); *Randone* v. *Bayer Corp.*, NNH-CV-07-5015863-S (filed Nov. 30, 2007); *Reber* v. *Bayer Corp. et al.*, No. NNH-CV-07-5013304-S (filed Aug. 16, 2007).  Seven cases are pending in the Court of Common Pleas of Philadelphia, Pennsylvania:  *Balogh* v. *Bayer Corp. et al.*, No. 071000614 (filed Oct. 4, 2007); *Cooper* v. *Bayer Corp. et al.*, No. 071200146 (filed Dec. 3, 2007); *De Toro* v. *Bayer Corp. et al.*, No. 070903428 (filed Sept. 27, 2007) (praecipe only); *Domnitz* v. *Bayer Corp. et al.*, Dec. Term 2007, No. 003458 (filed Dec. 21, 2007); *Fox* v. *Bayer Corp. et al.*, No. 070900277 (filed Sept. 5, 2007) (praecipe only); *Green* v. *Bayer Corp. et al.*, No. 070901904 (filed Sept. 19, 2007); *Glunt* v. *Bayer Corp. et al.*, No. 071101080 (filed Nov. 8, 2007) (praecipe only).

warranties relating to Trasylol® and concealed or misrepresented information regarding potential adverse effects of Trasylol®; that Trasylol® was defectively designed; and that it was negligently manufactured, tested, and marketed. While there are differences in the claimed injuries and other important distinctions among the cases, the safety profile of Trasylol® and the adequacy of the warnings accompanying Trasylol® will be important issues in all of these cases.

As of the date of this filing, case management orders have been entered in 10 of the pending federal cases, and document production has commenced in 9 of those cases. Counsel for defendants have been working with the plaintiffs' firms currently involved in the Trasylol® litigation to coordinate discovery across cases and jurisdictions, including between the federal and state cases. Such *ad hoc* coordination has been generally effective up to now, but it has become more challenging with the increasing number of lawsuits, lawyers, jurisdictions, and judges. As document production continues, and especially when depositions of company witnesses commence,[6] there will be an increasing likelihood of conflicting schedules, inconsistent obligations, and duplication of effort — on both sides.

## REASONS FOR TRANSFER AND CONSOLIDATION

**A.      Transfer Under 28 U.S.C. § 1407 Is Appropriate.**

Transfer of cases "for coordinated or consolidated pretrial proceedings" is appropriate when the cases involve common questions of fact and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Those conditions exist here.

---

[6]    Up to now, only one deposition has taken place, relating exclusively to issues concerning sources and preservation of electronic data. *See Davis* v. *Bayer Corp. et al.*, No. 3:07-cv-115 (M.D. Tenn. order July 20, 2007).

These actions involve common questions of fact, including common defendants and similar allegations about the development, design, manufacture, and marketing of Trasylol®.[7] Therefore, transfer of these actions under Section 1407 will offer substantial benefits to the parties, to witnesses, and to the judicial system.  Coordinated pretrial proceedings will allow defendants to minimize duplicative discovery responses and similar redundancies, and to limit expenses associated with travel, retention of local counsel, and the like.  *See In re Foundry Resins Antitrust Litig.*, 342 F. Supp. 2d 1346, 1347 (J.P.M.L. 2004) (noting that consolidation is warranted to "eliminate duplicative discovery" and to "conserve the resources of the parties [and] their counsel").  These efficiencies also will advance plaintiffs' interests.  For example, plaintiffs will be able to share documents and other information, to take coordinated depositions of witnesses with knowledge as to common issues, and to distribute expenses more efficiently than would be possible in separate and independent proceedings.  *See id.*[8]

Transfer of individual cases to an MDL will not diminish individual plaintiffs' right to their chosen forum.  Because consolidation will be confined to pretrial proceedings, each case will be returned to the court where it was filed for trial.  *See* J.P.M.L. Rule 7.6(b) ("Each action transferred

---

[7]    This Panel has found that such commonalities warrant consolidation under 28 U.S.C. § 1407. *See, e.g., In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1349 (J.P.M.L. 2006) (consolidating actions that "present complex common factual questions concerning, among other things, 1) the development, testing, manufacturing and marketing of Fosamax, and 2) Merck's knowledge concerning the drug's alleged adverse effects"); *In re Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004) (consolidating actions that "focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them").

[8]    While voluntary or *ad hoc* cooperation can create such economies to a limited extent, this Panel has observed that transfer under 28 U.S.C. § 1407 is superior.  *See Fosamax*, 444 F. Supp. 2d at 1349 ("While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, in addition to ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions.").

only for coordinated or consolidated pretrial proceedings that has not been terminated in the

transferee district court shall be remanded by the Panel to the transferor district for trial.").[9]

Transfer to an MDL also will promote judicial economy. *Foundry*, 342 F. Supp. 2d at

1347 (noting that consolidation is warranted to "conserve the resources of . . . the judiciary").

These federal cases are presently before 17 judges in 14 districts. These judges will be required

to resolve many of the same pretrial issues, to decide similar motions, and to oversee largely

parallel discovery. This not only would result in obvious duplication of effort; it also presents a

risk of inconsistent rulings on common issues. *See In re Meridia Prods. Liab. Litig.*, 217 F.

Supp. 2d 1377, 1378 (J.P.M.L. 2002) (noting that consolidation is warranted to "prevent

inconsistent or repetitive pretrial rulings"); *see also Fosamax*, 444 F. Supp. 2d at 1349 (directing

consolidation despite fact that pending actions were in a "limited number of federal districts"

because otherwise "many of the judges assigned to the various actions would be required to

needlessly replicate other judges' work on such matters as . . . rulings on motions to dismiss, and

so forth").

As in other pharmaceutical product liability litigations, the ultimate resolution of these

cases will turn on individual issues — for example, the plaintiffs' different alleged injuries,

different medical histories, and the different circumstances surrounding their medical treatment

and alleged administration of Trasylol®. As this Panel has explained, however, "Section 1407

---

[9]    Moreover, transfer to an MDL will not impose any cognizable burden on individual
plaintiffs, since parties usually need not appear at pretrial proceedings. *See In re Bristol Bay,
Alaska, Salmon Fishery Antitrust Litig.*, 424 F. Supp. 504, 505-06 (J.P.M.L. 1976) ("Since a
Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and
witnesses to travel to the transferee district for depositions or otherwise."). In any event, the
interests of individual parties cannot be determinative in a Section 1407 transfer decision; this
Panel "must weigh the interests of *all* the plaintiffs and *all* the defendants, and must consider
multiple litigation *as a whole* in the light of the purposes of the law." *In re Asbestos Prods. Liab.
Litig.*, 771 F. Supp. 415, 420 (J.P.M.L. 1991) (emphasis added).

does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381-82 (J.P.M.L. 2004) (ordering transfer even though some plaintiffs alleged diabetes and others alleged respiratory failure, and though some actions involved a defendant not named in others).  Where, as here, many issues are susceptible of common pretrial coordination and disposition, the fact that the cases will turn on individual issues after they are returned to the transferor courts for trial does not preclude Section 1407 transfer. *Id.* at 1382 (noting that "distinctions among the actions may be such that certain actions or claims therein can be ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge").[10]

Section 1407 transfer and consolidation of these cases now, while they are still in their early stages, will promote the just and efficient conduct of the overall litigation.

**B.    The Actions Should Be Transferred to the District of Connecticut.**

The federal Trasylol® actions are spread around the country, with one or two cases pending in each of 14 federal districts.  Among these federal cases, there is no center of gravity either geographically or in terms of the number of filed cases.  Nor is there any compelling reason to select one of these districts over others as the site of an MDL, as none of the federal cases has progressed markedly farther than others and none has yet proceeded to the summary judgment stage.

The District of Connecticut is the most appropriate venue for pretrial proceedings in this litigation.  Although no federal cases are currently pending there, the District of Connecticut offers unique opportunities for federal-state coordination.  Connecticut is the principal locus of

---

[10]    Similarly, the fact that different plaintiffs may advance different legal theories or make claims under different states' substantive law does not preclude transfer under Section 1407. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 1708, 2006 WL 1984688 (J.P.M.L. June 13, 2006).

the Trasylol® state court litigation, with more pending actions — at least 8 — than any other

state, and more than twice as many plaintiffs — at least 24 — as all other pending state actions

combined.[11]  Transferring the federal litigation to Connecticut will help the federal and state

judiciaries and the parties to coordinate discovery and trial schedules, reducing the burdens on all

parties.

      This Panel previously has recognized that such considerations support transfer to a

district in which related state actions are pending, even when no federal action is pending there.

*See In re Am. Honda Motor Co. Oil Filter Prods. Liab. Litig.*, 416 F. Supp. 2d 1368, 1369

(J.P.M.L. 2006) (in transferring cases to the Central District of California, where no cases were

pending, the Panel noted that "a nationwide, and earlier filed, putative class action is currently

pending in California state court," and that "transfer to the Central District of California will

facilitate coordination between the federal and state court actions"); *In re Gen. Motors Secs. &*

*Derivative Litig.*, 429 F. Supp. 2d 1368, 1370 (J.P.M.L. 2006) ("since Michigan is the situs of

related state court proceedings . . . centralization in the Eastern District of Michigan carries the

added benefit of easily coordinating discovery between the federal and state proceedings, should

such a need arise"); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 403 F. Supp. 2d

1358, 1360 (J.P.M.L. 2005) (same); *In re Oil Spill by the "Amoco Cadiz" Off the Coast of*

*France on March 16, 1978*, 471 F. Supp. 473, 478-79 (J.P.M.L. 1979) ("[T]he related actions

that are pending in the Illinois state courts can be coordinated with the federal proceedings there.

---

[11]  Eight actions, with a total of 24 plaintiffs, are pending in Connecticut state court. *See* note 4 above.  Seven cases with nine plaintiffs are pending in Pennsylvania state court, but in three of those cases complaints have not yet been filed or served. *See id.*  The Connecticut state court cases further involve the claims of at least 22 persons who allegedly received Trasylol® — which is more than in all of the 18 currently pending federal cases.

The possibility of promoting this state/federal coordination is another factor favoring the selection of the Northern District of Illinois as the transferee forum.").

Connecticut also is geographically convenient for parties, counsel, and witnesses. Connecticut is only a few hours' drive or train ride from Philadelphia, where the other state Trasylol® actions are pending, and is a relatively short plane trip from the venues of several pending federal Trasylol® actions, including those in Alabama, Illinois, Florida, Georgia, Tennessee, and West Virginia. The Hartford area offers a range of transportation options: The city is located at the intersection of highways running to Boston, New York City, and Philadelphia; it has an Amtrak rail station; and it is served by four international airports within two hours' drive: Bradley International Airport, about twenty minutes north of Hartford; Logan International Airport in Boston, less than 2 hours northeast; and John F. Kennedy International and LaGuardia Airports in New York City. And, as discussed below, many company witnesses in the United States are in Connecticut or very close by, in northern New Jersey.

Moreover, the District of Connecticut, and Chief Judge Robert N. Chatigny in particular, have the background and resources to manage this litigation. This Panel has emphasized that, where "no district stands out as the geographic focal point" for the litigation, transfer under 28 U.S.C. § 1407 should be to "a transferee judge with the ability and temperament to manage this large and growing litigation in an efficient and expeditious manner." *In re Diet Drugs Prods. Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998) (in a nationwide litigation "in which no particular district or region emerges as the geographic center of gravity," transferring cases pending in nine federal districts to Judge Bechtle in the Eastern District of Pennsylvania, where no case was pending); *see also In re Vioxx*, 360 F. Supp. 2d at 1354 (transferring cases pending in 41 districts to Judge Fallon, "a transferee judge with the time and experience to steer this

9

complex litigation on a prudent course," in the Eastern District of Louisiana, "a district with the capacity to handle this litigation"); *In re Zyprexa*, 314 F. Supp. 2d at 1382 (transferring cases pending in all parts of the country to Judge Weinstein in the Eastern District of New York, "an experienced transferee judge who can steer this litigation on a steady and expeditious course").

Chief Judge Chatigny is an accomplished and highly regarded jurist who is not presently assigned a multidistrict docket. The District of Connecticut also has significant administrative experience with multidistrict actions, having handled several such matters, one of which was recently closed. *See In re Cardiac Devices Qui Tam Litig.*, MDL No. 1505 (terminated Feb. 6, 2007). Thus the District of Connecticut has the proven capacity to administer an MDL, and Chief Judge Chatigny has the experience, "the ability and [the] temperament" that "this large and growing litigation" calls for. *Diet Drugs*, 990 F. Supp. at 836.[12]

Transfer to the District of Connecticut is also warranted because Bayer Pharmaceuticals Corporation's headquarters is currently located in that district.[13] This Panel has in many cases selected the site of a defendant's headquarters as the MDL venue even when no cases are pending there. *See, e.g., American Honda*, 416 F. Supp. 2d at 1369 (transferring cases pending in the Midwest and the eastern seaboard to the Central District of California, where no case was

---

[12]   Notably, Chief Judge Chatigny is already familiar with the Trasylol® litigation. The largest of the Trasylol® cases, *Mack* (with 11 plaintiffs), was initially filed in Connecticut state court but was removed in July 2007 to the District of Connecticut, where it was assigned to Chief Judge Chatigny. *Mack et al.* v. *Bayer Corp. et al.*, No. 3:07-cv-1151 (removed July 27, 2007). Although the case was recently remanded back to state court, Chief Judge Chatigny oversaw the filing of several answers and amended pleadings and was engaged in the facts of the case through adjudication of a motion to remand, on which he heard oral argument from the parties. *Id.* (remanded Dec. 10, 2007).

[13]   It was announced in November 2006 that personnel and operations of Bayer Pharmaceuticals Corporation would be moved from the facility in West Haven, Connecticut, to one in Wayne, New Jersey, approximately 90 miles southwest. *See* Bayer in the U.S., *Bayer Outlines New Global R&D Structures; U.S. Pharma Sites and Future Headquarters* (Nov. 9, 2006), *available at* http://www.bayerus.com/news. That move is underway. The corporate headquarters for Bayer Pharmaceuticals Corporation remain, at present, in West Haven.

pending; "Since Honda's principal place of business is located in this district, relevant documents and witnesses are likely located there."); *In re Air Crash Disaster Near Santa Cruz Airport, Bombay, India on January 1, 1978*, 463 F. Supp. 158, 159 (J.P.M.L. 1979) (transferring actions to the Western District of Washington, where no case was pending, because, among other reasons, "Boeing is headquartered in that district," therefore relevant "documents and personnel . . . are located there," and "none of the districts in which actions are pending offers a strong nexus to the common factual questions in this litigation").[14]   Bayer Pharmaceuticals Corporation is the United States distributor of Trasylol® and the primary defendant in these cases, and key personnel and documents are located in Connecticut, or within convenient distance to Connecticut.  Transfer to the District of Connecticut therefore would serve the convenience of the parties and expedite the litigation.

## CONCLUSION

For the foregoing reasons, the moving defendants respectfully request that the actions listed in the attached Schedule of Actions be transferred to the District of Connecticut for consolidated and coordinated pretrial proceedings.

---

[14]   *See also In re UICI "Association-Group" Ins. Litig.*, 305 F. Supp. 2d 1360, 1362 (J.P.M.L. 2004) (transferring cases to district where none was pending, noting that "the location of the moving defendants' headquarters within the Northern District of Texas implies that relevant witnesses and documents are likely to be found there"); *In re Southwestern Life Ins. Co. Sales Practices Litig.*, 268 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (transferring cases to the Northern District of Texas, though no case was pending there, because, *inter alia*, "relevant documents and witnesses are likely located there at or near Southwestern Life's Dallas home office"); *In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019, 1021 (J.P.M.L. 1978) (transferring cases pending in Oklahoma, Illinois, Iowa, and Florida to the Western District of Washington, where no case was pending, where "[n]one of the districts in which actions are pending offers a strong nexus to the common factual questions in this litigation," the main defendant's "principal place of business is located in that district," and "it is undisputed that many [potentially important witnesses] reside there").

Respectfully submitted,


_____

Eugene A. Schoon
Susan A. Weber
Sidley Austin LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000

Lory Barsdate Easton
Richard H. Menard Jr.
Quin M. Sorenson
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

Philip S. Beck
Steven E. Derringer
Bartlit, Beck, Herman, Palenchar & Scott LLP
54 West Hubbard Street
Suite 300
Chicago, Illinois 60610
(312) 494-4400

Attorneys for Moving Defendants Bayer
Corporation, Bayer Pharmaceuticals Corporation,
Bayer HealthCare LLC, Bayer AG, and Bayer
HealthCare AG

Dated:  December 26, 2007

## CERTIFICATE OF SERVICE

I certify that, on this 26th day of December, 2007, I caused true and correct copies of the foregoing Brief in Support of Motion for Transfer and Consolidation of Related Actions to be sent by first class mail to the following persons:

**Service list for *Burnette* v. *Bayer Corp. et al.* (N.D. Ala. No. 7:07-cv-2238):**

Clerk, United States District Court,
Northern District of Alabama
1729 Fifth Avenue North
Birmingham, Alabama 35203
(205) 278-1700

Brian D. Turner, Jr.
Ernest Cory
Elizabeth A. Ellis
CORY, WATSON, CROWDER & DeGARIS, P.C.
2131 Magnolia Avenue
Birmingham, Alabama  35205
(205) 328-2200
Counsel for Plaintiff

**Service list for *Ware* v. *Bayer Corp. et al.* (C.D. Cal. No. 5:07-cv-1305):**

Clerk, United States District Court,
Central District of California
3470 Twelfth Street
Riverside, CA 92501
(951) 328-4450

Leonard S. Sands
Heleni E. Suydam
SANDS & ASSOCIATES
9606 Santa Monica Blvd., 3rd Floor
Beverly Hills, CA 90210-4420
(310) 859-6644
Counsel for Plaintiff

**Service list for *Storer ex rel Nitzberg et al.* v. *Bayer Corp.* (N.D. Cal. No. 4:07-cv-4399):**

Clerk, United States District Court,
Northern District of California
1300 Clay Street
Suite 300
Oakland, California 94612
(510) 879-3600

Michael A. Kelly
Emily C. Wecht
LAW OFFICES OF WALKUP, MELODIA, KELLY,
    WECHT & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, California  94108-2615
(415) 981-7210
Counsel for Plaintiffs

**Service list for *De Leon et al.* v. *Bayer Pharmaceutical Corp.* (N.D. Cal. No. 3:07-cv-6206):**

Clerk, United States District Court,
Northern District of California
450 Golden Gate Ave.
16th Floor
San Francisco, California 94102
(415) 522-2000

Jo Ann Kingston
4200 Park Boulevard, #271
Oakland, California 94602
(510) 530-7800
Counsel for Plaintiffs

**Service list for *O'Connor* v. *Bayer Corp. et al.* (S.D. Cal. No. 3:07-cv-633):**

Clerk, United States District Court,
Southern District of California
880 Front Street Suite 4290
San Diego, California 92101
(619) 557-5600


Brian J. Panish
Kevin R. Boyle
PANISH, SHEA & BOYLE, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
(310) 477-1700
Counsel for Plaintiff

Brian H. Barr
K. Lea Morris Turtle
Michael B. Lynch
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
    ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
P.O. Box 12308
Pensacola, Florida 32591
(850) 435-7184
Counsel for Plaintiff

**Service list for *Bakan* v. *Bayer Corp. et al.* (M.D. Fla. No. 8:07-cv-220):**

Clerk, United States District Court,
Middle District of Florida
801 North Florida Avenue
Tampa, Florida 33602
(813) 301-5400

K. Lea Morris Turtle
Michael B. Lynch
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
    ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
P.O. Box 12308
Pensacola, Florida 32591
(850) 435-7184
Counsel for Plaintiff

**Service list for *Morrill* v. *Bayer Corp. et al.* (M.D. Fla. No. 8:07-cv-819):**

Clerk, United States District Court,
Middle District of Florida
801 North Florida Avenue
Tampa, Florida 33602
(813) 301-5400

John D. Goldsmith
Amy L. Drushal
TRENAM, KEMKER, SCHARF, BARKIN, FRYE,
    O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
(813) 223-7474
Counsel for Plaintiff

**Service list for *Rodriguez et al.* v. *Bayer Corp. et al.* (S.D. Fla. No. 9:07-cv-81172):**

Clerk, United States District Court,
Southern District of Florida
701 Clematis Street
Room 402
West Palm Beach, Florida 33401
(561) 803-3400

Joseph Anthony Osborne
BABBIT JOHNSON OSBORNE & LECLAINCHE
1450 Centerpark Boulevard
Suite 100
West Palm Beach, Florida 33401
(561) 684-2500
Counsel for Plaintiffs

**Service list for *Shaw* v. *Bayer Corp. et al.* (M.D. Ga. No. 4:07-cv-176):**

Clerk, United States District Court,
Middle District of Georgia
120 12th Street
P.O. Box 124
Columbus, Georgia 31902
(706) 649-7816

Matthew Neal Pope
LAW OFFICES OF MATTHEW N. POPE, P.C.
205 Ninth Street
Columbus, Georgia 31901
706-324-2521
Counsel for Plaintiff

**Service list for *Wease et al.* v. *Bayer Corp. et al.* (N.D. Ga. No. 1:07-cv-1659):**

Clerk, United States District Court,
Northern District of Georgia
75 Spring Street SW, Room 2211
Atlanta, Georgia 30303
(404) 215-1660

C. Andrew Childers
CHILDERS, BUCK & SCHLUETER, LLP
260 Peachtree Street, Suite 1601
Atlanta, Georgia 30303
(404) 419-9500
Counsel for Plaintiffs

K. Lea Morris Turtle
Michael B. Lynch
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
    ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
P.O. Box 12308
Pensacola, Florida 32591
(850) 435-7184
Counsel for Plaintiffs

**Service list for *Durkin* v. *Bayer Corp. et al.* (N.D. Ill. No. 07-cv-7162):**

Clerk, United States District Court,
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 435-5670

Jeffrey B. Sussman
SUSSMAN SELIG & ROSS
One East Wacker Drive, Suite 3650
Chicago, Illinois 60601
(312) 977-4000
Counsel for Plaintiff

Paul J. Napoli
Marc Jay Bern
Christopher R. LoPalo
NAPOLI BERN & ASSOCIATES, LLP
3500 Sunrise Highway, Ste. T-207
Great River, New York 11739
Telephone: (212) 267-3700
Counsel for Plaintiff

**Service list for *Reider et al.* v. *Bayer Corp. et al.* (W.D. La. No. 2:07-cv-1688):**

Clerk, United States District Court,
Western District of Louisiana
611 Broad Street Suite 188
Lake Charles, Louisiana 70601
(337) 437-3870

Evelyn Moreau Reider
Pro Se
2406 11th Street
Lake Charles, Louisiana 70601

Ronale Reider
Pro Se
2406 11th Street
Lake Charles, Louisiana 70601

Ronald Reider, Jr.
Pro Se
1889 Bethdaida Street
Lake Charles, Louisiana 70601

Ronnaesa Reider
Pro Se
4249 5th Avenue #Z-13
Lake Charles, Louisiana 70601

LaRonda Pitre
Pro Se
4507 Deek Drive A
Killeen, Texas 76549

**Service list for *Sessums* v. *Bayer AG et al.* (S.D. Miss. No. 3:07-cv-436):**

Clerk, United States District Court,
Southern District of Mississippi
P.O. Box 23552
Jackson, Mississippi 39225
(601) 965-4439

James McHugh
LOPEZ MCHUGH LLP
1325 Spruce Street
Philadelphia, Pennsylvania 19107
(215) 732-3137
Counsel for Plaintiff

Martin D. Crump
1712 15th Street, Suite 300
P.O. Drawer 6829 (39506)
Gulfport, Mississippi 39501
(228) 863-6000
Counsel for Plaintiff

**Service list for *Williams* v. *Bayer Corp. et al.* (M.D. Tenn. No. 1:07-cv-4):**

Clerk, United States District Court,
Middle District of Tennessee
801 Broadway
Nashville, Tennessee 37203
(615) 736-5498

Brian D. Turner, Jr.
Ernest Cory
Elizabeth A. Ellis
CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
(205) 328-2200
Counsel for Plaintiff

Lee L. Coleman
HUGHES AND COLEMAN
444 James Robertson Parkway, Suite 201
Nashville, Tennessee 37219
(856) 523-9192
Counsel for Plaintiff

**Service list for *Davis* v. *Bayer Corp. et al.* (M.D. Tenn. No. 3:07-cv-115):**

Clerk, United States District Court,
Middle District of Tennessee
801 Broadway
Nashville, Tennessee 37203
(615) 736-5498

Lee Coleman
HUGHES AND COLEMAN
444 James Robertson Parkway, Suite 201
Nashville, Tennessee 37219
(856) 523-9192
Counsel for Plaintiff

Brian D. Turner, Jr.
Elizabeth A. Ellis
Ernest Cory
CORY, WATSON, CROWDER & DeGARIS, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
(205) 328-2200
Counsel for Plaintiff

**Service list for *Lanham* v. *Bayer Corp. et al.* (S.D. Tex. No. 4:07-cv-1687):**

Clerk, United States District Court,
Southern District of Texas
P. O. Box 61010
Houston, Texas 77208
(713) 250-5500

Gregg Anderson
TERRY BRYANT LLP
8584 Katy Freeway, Suite 100
Houston, Texas 77024
(713) 973-8888
Counsel for Plaintiff

Brian D. Turner, Jr.
Ernest Cory
Elizabeth A. Ellis
CORY, WATSON, CROWDER & DeGARIS, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
(205) 328-2200
Counsel for Plaintiff

**Service list for *Pesl et al.* v. *Bayer Corp. et al.* (S.D. Tex. No. 4:07-cv-2819):**

Clerk, United States District Court,
Southern District of Texas
P. O. Box 61010
Houston, Texas 77208
(713) 250-5500

Howard Taylor Dulmage
Michael Y. McCormick
McCORMICK, HANCOCK & NEWTON
1900 W Loop S
Suite 700
Houston, Texas 77027
(713) 297-0700
Counsel for Plaintiffs

Service list for *Fast* v. *Bayer Corp. et al.* (N.D. W. Va. No. 5:07-cv-82):

Clerk, United States District Court,
Northern District of West Virginia
P.O. Box 471
Wheeling, West Virginia  26003
(304) 232-0011

Barry Hill
HILL WILLIAMS, PLLC
89 12th Street
Wheeling, West Virginia  26003
(304) 233-4966
Counsel for Plaintiff

Brian Barr
Lea Morris Turtle
Michael B. Lynch
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
     ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
P.O. Box 12308
Pensacola, Florida 32591
(850) 435-7184
Counsel for Plaintiff

Quin M. Sorenson