Catherine Valerio Barrad (SBN 168897)
cbarrad@sidley.com
Christine Kim Son (SBN 223190)
cson@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys For Defendant
Bayer Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL NITZBERG by and through his guardian ad litem, ELENA STORER, and MATTHEW NITZBERG by and through his guardian ad litem, ELENA STORER, and ELENA STORER,<br><br>Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION; BAYER PHARMACEUTICALS CORPORATION and DOES TWO through ONE HUNDRED, and each of them,<br><br>Defendants. | Case No. 07-CV-04399 CW<br><br>Assigned to: Hon. Claudia Wilken<br><br>**DEFENDANT BAYER CORPORATION'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>Original Complaint Filed May 17, 2007<br><br>Second Amended Complaint Filed January 3, 2008 |

Defendant Bayer Corporation, for its Answer to Plaintiffs' Second Amended Complaint for Damages (the "SAC"), states as follows:

1. Paragraph 1 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations

1

regarding Defendants designated in the SAC as Doe. Bayer Corporation denies liability to Plaintiffs for any damages or losses alleged in the SAC. To the extent that the SAC contains allegations referring to Bayer Corporation and other entities collectively as "Defendants," "Defendant," or "Bayer," Bayer Corporation is not answering the SAC on behalf of any entity other than Bayer Corporation and is not answering allegations that are directed to any entity other than Bayer Corporation. Bayer Corporation denies the remaining allegations in paragraph 1 of the SAC.

     2.     Paragraph 2 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 regarding Plaintiffs' knowledge or state of mind related to the claims and allegations stated in the SAC. Bayer Corporation is not answering the SAC on behalf of any entity other than Bayer Corporation and is not answering allegations that are directed to any entity other than Bayer Corporation. Bayer Corporation denies the remaining allegations in paragraph 2 of the SAC.

     3.     Bayer Corporation denies the allegations in paragraph 3 of the SAC.

     4.     Bayer Corporation admits that Trasylol® is the proprietary name for aprotinin injection. Bayer Corporation is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the first paragraph 4 of the SAC refer, but denies that it was doing business in California at the time of the procedure alleged in the SAC. Because of the vagueness of the allegation that Bayer Corporation was "licensed to do" business in California and in the City and County of San Francisco, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of that allegation. Bayer Corporation is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 4 refer or to which "medications and products" paragraph 4 refers, but Bayer Corporation denies that it was testing, manufacturing, distributing, marketing, or selling Trasylol® or other pharmaceuticals at the time of the procedure

alleged in the SAC and further denies that it marketed, sold, or distributed Trasylol® within the city or county of San Francisco at the time of the procedure alleged in the SAC. Bayer Corporation denies the remaining allegations in the first paragraph 4 of the SAC.

4. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 4 of the SAC.

5. Bayer Corporation admits that at certain times prior to February 16, 2005, Bayer Pharmaceuticals Corporation tested, distributed, marketed, and/or sold Trasylol® and that at certain times prior to January 2003 Bayer Corporation tested, distributed, marketed and/or sold Trasylol®. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 5 of the SAC.

6. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the SAC.

7. Bayer Corporation states that risks of adverse effects from Trasylol® were disclosed in the FDA-approved labeling for Trasylol®, and denies the remaining or inconsistent allegations in paragraph 7 of the SAC.

8. Bayer Corporation admits that Bayer Pharmaceuticals Corporation advertised, promoted, and/or marketed Trasylol® to medical professionals at, and at certain times prior to, February 2005 and that Bayer Corporation advertised, promoted, and/or marketed Trasylol® to medical professionals at certain times prior to January 2003. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 8 of the SAC.

9. Bayer Corporation admits that, at the time of the procedure alleged in the SAC, Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery and was safe and effective when used in accordance with FDA-approved labeling. Bayer Corporation denies that it

was marketing Trasylol® at the time of the procedure alleged in the SAC and denies the remaining allegations in paragraph 9 of the SAC.

10. Bayer Corporation denies the allegations in paragraph 10 of the SAC.

11. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the SAC.

12. Paragraph 12 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation denies liability for any injury alleged in the SAC, denies that its duties are accurately stated, denies that it breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 12 of the SAC.

13. Bayer Corporation denies the allegations in paragraph 13 of the SAC.

14. Paragraph 14 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to truth of the allegations regarding the date of death of the decedent. Bayer Corporation denies the remaining allegations in paragraph 14 of the SAC.

15. Bayer Corporation is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 15 of the SAC regarding the family relationship between Plaintiffs and Plaintiffs' decedent. Bayer Corporation denies liability for any losses or damages alleged in the SAC and denies the remaining allegations in paragraph 15 of the SAC.

16. Paragraph 16 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 16 of the SAC.

17. Paragraph 17 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without

knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 17 of the SAC.

18. Bayer Corporation denies the allegations in paragraph 18 of the SAC.

19. Bayer Corporation incorporates by reference its responses to each and every paragraph of the SAC.

20. Bayer Corporation denies the allegations in paragraph 20 of the SAC.

21. Bayer Corporation admits that, at the time of the procedure alleged in the SAC, Trasylol® was intended to be administered to patients by physicians in accordance with FDA-approved labeling. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 21 of the SAC.

22. Bayer Corporation denies liability for any injuries or damages alleged in the SAC and denies the allegations in paragraph 22 of the SAC.

23. Bayer Corporation denies the allegations in paragraph 23 of the SAC.

24. Bayer Corporation incorporates by reference its responses to each and every paragraph of the SAC.

25. Paragraph 25 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the time frame to which paragraph 25 of the SAC refers, but denies that Bayer Corporation had regulatory or other responsibility for labeling for Trasylol®, including warning labels, at the time of the procedure alleged in the SAC, denies that it breached any applicable legal duty relating to Plaintiffs' claims, and denies liability for any injury alleged in the SAC.

26. Bayer Corporation denies the allegations in paragraph 26 of the SAC.

27. Bayer Corporation denies the allegations in paragraph 27 of the SAC.

28. Paragraph 28 of the SAC states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation denies that its duties are accurately stated, denies that it breached any applicable duty of care relating to Plaintiffs' claims, denies that it had a duty to describe "all known instances of

cardiac complications, cardiac failure, and death occurring in the United States and elsewhere" in the labeling and packaging for Trasylol, and denies that it violated any applicable regulatory requirements relating to Plaintiffs' claims. Bayer Corporation admits that the FDA-approved labeling for Trasylol provided information concerning cardiac and mortality adverse events, but denies that the labeling and packaging for Trasylol contained inadequate information regarding these events and denies that the labeling, packaging and warnings for Trasylol were inadequate. Bayer Corporation denies the remaining allegations in Paragraph 28 of the SAC.

29. Bayer Corporation denies the allegations in paragraph 29 of the SAC.

30. Bayer Corporation incorporates by reference its responses to each and every paragraph of the SAC.

31. Bayer Corporation denies the allegations in paragraph 31 of the SAC.

32. Bayer Corporation denies the allegations in paragraph 32 of the SAC.

33. Bayer Corporation denies the allegations in paragraph 33 of the SAC.

34. Because of the vagueness of the phrase "all adverse drug effects," Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegation in the clause following the comma in the first sentence of paragraph 34 of the SAC. Bayer Corporation denies that it breached any applicable duty of care or regulatory requirement relating to Plaintiffs' claims and denies the remaining allegations in paragraph 34 of the SAC.

35. Bayer Corporation denies the allegations in paragraph 35 of the SAC.

36. Bayer Corporation denies the allegations in paragraph 36 of the SAC.

37. Bayer Corporation denies the allegations in paragraph 37 of the SAC.

38. Bayer Corporation denies the allegations in paragraph 38 of the SAC.

39. Bayer Corporation denies liability for any injury alleged in the SAC and denies that Plaintiffs are entitled to the relief requested in the "Wherefore" clauses following paragraphs 23, 29, and 38 of the SAC.

40. Wherever Plaintiffs have incorporated by reference prior allegations in the SAC, Bayer Corporation incorporates by reference its responses to such allegations.

41. Bayer Corporation denies each and every allegation in the SAC that relates to or is directed to Bayer Corporation unless such allegations are expressly responded to in this Answer.

## ADDITIONAL DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Bayer Corporation in this matter. Bayer Corporation accordingly preserves the right to assert these separate and additional defenses. Upon completion of discovery, if the facts warrant, Bayer Corporation may withdraw any of these additional defenses as may be appropriate. Bayer Corporation further reserves the right to amend its answer and defenses, and to assert additional defenses and other claims, as discovery proceeds.

## SEPARATE AND ADDITIONAL DEFENSES

In setting forth the following separate and additional defenses, Bayer Corporation does not concede that it bears the burden of proof or persuasion as to any of them.

### FIRST DEFENSE
### (Failure to State a Cause of Action)

Plaintiffs' SAC, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted against Bayer Corporation.

### SECOND DEFENSE
### (Statute of Limitations)

Some or all of Plaintiffs' claims are barred by applicable statutes of limitations and/or statutes of repose.

## THIRD DEFENSE

### (Laches, Waiver and Estoppel)

Plaintiffs' claims against Bayer Corporation are barred, in whole or in part, by laches, waiver and/or estoppel.

## FOURTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate alleged damages.

## FIFTH DEFENSE

### (Third Party Negligence)

If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were directly and proximately caused by the negligence or fault of parties other than Bayer Corporation, whether named or unnamed in Plaintiffs' SAC, over whom Bayer Corporation had no supervision or control and for whose actions and omissions Bayer Corporation has no legal responsibility. Plaintiffs' recovery, if any, therefore should be apportioned in accordance with the applicable law.

## SIXTH DEFENSE

### (Intervening or Superseding Cause)

The injuries and damages claimed by Plaintiffs or Plaintiffs' decedent, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer Corporation was not the proximate and/or competent producing cause of such alleged injuries and damages.

## SEVENTH DEFENSE

### (Failure to State a Claim for Negligence Per Se)

Plaintiffs' SAC fails to state a claim upon which relief can be granted for negligence per se.

## EIGHTH DEFENSE

## (Learned Intermediary Doctrine)

The claims in the SAC are barred in whole or in part by the learned intermediary doctrine. Trasylol® is a prescription pharmaceutical which was available only upon the prescription of a licensed physician and is indicated for use by physicians only during certain surgical procedures.

## NINTH DEFENSE

## (Pre-existing or Subsequent Conditions)

The injuries or damages allegedly sustained by Plaintiffs or Plaintiffs' decedent, if any, were caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, for which Bayer Corporation has no legal responsibility.

## TENTH DEFENSE

## (State of the Art)

Plaintiffs' SAC fails to state a claim upon which relief can be granted against Bayer Corporation in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Trasylol®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art. Trasylol®, including its labeling approved by the United States Food and Drug Administration, complied with the state of scientific and medical knowledge available at the time of its design, testing, manufacture, distribution, marketing, and sale. Plaintiffs' recovery accordingly is barred.

## ELEVENTH DEFENSE

## (Restatement (Second) of Torts § 402A, comment k)

Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comment k.

## TWELFTH DEFENSE

### (Compliance with Law and Regulations)

The prescription drug Trasylol ® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration. Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiffs' recovery accordingly is barred.

## THIRTEENTH DEFENSE

### (Federal Preemption)

Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reasons of the federal government's regulation of the manufacturing, testing, marketing, sale and labeling of prescription drugs. To the extent the requirements of California or other state law are in conflict with applicable provisions of federal law, the requirements of state law are preempted and invalid.

## FOURTEENTH DEFENSE

### (Unforeseeable Alteration or Misuse)

If Plaintiffs or Plaintiffs' decedent sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of the prescription drug Trasylol®. Plaintiffs' recovery accordingly is barred.

## FIFTEENTH DEFENSE

### (Right to Petition Government)

Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

## SIXTEENTH DEFENSE

### (Unavoidable Circumstances)

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer Corporation.

## SEVENTEENTH DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiffs' SAC fails to join indispensable parties necessary for the just adjudication of this matter.

## EIGHTEENTH DEFENSE

### (Not Defective or Unreasonably Dangerous)

Plaintiffs' claims are barred because Trasylol® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying Trasylol® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

## NINETEENTH DEFENSE

### (Failure to State a Claim for Costs)

Plaintiffs' SAC fails to state a claim against Bayer Corporation upon which relief can be granted as to costs or pre-judgment interest.

## TWENTIETH DEFENSE

### (Barred by First Amendment)

Plaintiffs' claims are barred in whole or in part because the commercial speech relating to Trasylol® was not false or misleading and is protected under the First Amendment of the United States Constitution and the applicable state constitution.

## TWENTY-FIRST DEFENSE
### (Primary Jurisdiction of FDA)

Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration is charged under law with determining the content of warnings and labeling for prescription drugs.

## TWENTY-SECOND DEFENSE
### (Exclusive Regulation by FDA)

Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the United States Food and Drug Administration.

## TWENTY-THIRD DEFENSE
### (Abstention)

This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the United States Food and Drug Administration.

## TWENTY-FOURTH DEFENSE
### (No Detrimental Reliance)

Plaintiffs did not detrimentally rely on any labeling, warnings or information concerning Trasylol®.

## TWENTY-FIFTH DEFENSE
### (Not Reasonably Foreseeable)

Plaintiffs' and Plaintiffs' decedent's alleged injuries and damages, if any, were the result of an idiosyncratic reaction which Bayer Corporation could not reasonably foresee.

## TWENTY-SIXTH DEFENSE

### (Settlement)

To the extent Plaintiffs have settled or will settle with any person or entity with respect to the injuries asserted in the SAC, the liability of Bayer Corporation, if any, should be reduced accordingly.

## TWENTY-SEVENTH DEFENSE

### (Plaintiffs' Claims Speculative)

Plaintiffs' claims of injury and claims for damages are speculative.

## TWENTY-EIGHTH DEFENSE

### (No Private Cause of Action)

Plaintiffs' claims purportedly asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

## TWENTY-NINTH DEFENSE

### (Failure to Plead Fraud with Particularity)

Plaintiffs' purported allegations of fraud, deceit, statutory fraud, misrepresentation, suppression, omission, concealment and deception are not pleaded with particularity.

## THIRTIETH DEFENSE

### (Failure to State a Claim for Fraud)

Plaintiffs' SAC fails to state a claim for fraud, deceit, statutory fraud, misrepresentation, concealment, suppression, omission and/or deception.

## THIRTY-FIRST DEFENSE

### (Collateral Source)

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source of injuries alleged in the SAC, such benefits are not recoverable in this action under applicable law.

## THIRTY-SECOND DEFENSE
### (Standing)

Plaintiffs are not the real parties in interest or lack the capacity and/or standing to bring the claims asserted in the SAC.

## THIRTY-THIRD DEFENSE
### (No Loss of Money or Property)

Plaintiffs have not sustained an ascertainable loss of money or property because of the alleged use of Trasylol®.

## THIRTY-FOURTH DEFENSE
### (No Actual Injury)

Plaintiffs have not suffered any actual injury or damages because of the alleged use of Trasylol® as sold by Bayer Corporation.

## THIRTY-FIFTH DEFENSE
### (No Personal Jurisdiction)

Bayer Corporation preserves all objections and defenses relating to personal jurisdiction.

## THIRTY-SIXTH DEFENSE
### (Incorporate Defenses of Other Defendants)

Bayer Corporation adopts and incorporates by reference all defenses pleaded or to be pleaded by other defendants except to the extent that they are inconsistent with Bayer Corporation's defenses pleaded in this Answer.

## THIRTY-SEVENTH DEFENSE
### (No Waiver of Defenses)

Bayer Corporation reserves the right to amend its answer and separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE**, Bayer Corporation denies any and all liability with regard to Plaintiff's claims and prays for judgment as follows:

1. That Plaintiffs take nothing by way of their SAC or any of their purported claims for relief;
2. That the SAC be dismissed with prejudice in its entirety;
3. That judgment be entered in favor of Bayer Corporation;
4. That Bayer Corporation be awarded its cost of suit incurred in this action, including attorneys' fees; and
5. That Bayer Corporation be awarded such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Bayer Corporation respectfully requests that a jury try the issues in this matter.

Dated: January 22, 2008                SIDLEY AUSTIN LLP


By: s/Catherine Valerio Barrad
Catherine Valerio Barrad
Christine Kim Son
*Attorneys For Defendant*
*Bayer Corporation*