1  Catherine Valerio Barrad (SBN 168897)
   cbarrad@sidley.com
2  Christine Kim Son (SBN 223190)
   cson@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
4  Los Angeles, California  90013-1010
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6
   Attorneys For Defendants
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 SAMUEL NITZBERG by and through his      )  Case No. 07-CV-04399 CW
   guardian ad litem, ELENA STORER, and    )
11 MATTHEW NITZBERG by and through his     )  Assigned to: Hon. Claudia Wilken
   guardian ad litem, ELENA STORER, and    )
12 ELENA STORER, individually,             )
                                           )  **DEFENDANTS' UNOPPOSED MOTION
13              Plaintiff,                 )  FOR ADMINISTRATIVE RELIEF TO
                                           )  STAY PROCEEDINGS PENDING
14                                         )  TRANSFER TO MULTIDISTRICT
        vs.                                )  LITIGATION PURSUANT TO LOCAL
15                                         )  RULE 7-11**
                                           )
16 BAYER CORPORATION; BAYER                )
   PHARMACEUTICALS CORPORATION and )  STIPULATION PURSUANT TO LOCAL
17 DOES TWO through ONE HUNDRED, and       )  RULE 7-12 FILED CONCURRENTLY
   each of them,                           )
18                                         )
                Defendants.                )  STIPULATED [PROPOSED] ORDER
19                                         )  LODGED CONCURRENTLY)

20

21

22

23

24

25

26

27

28
   **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS
   Case No. 07-CV-04399 CW**

Defendants Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc., as successor in interest to Bayer Pharmaceuticals Corporation, move for administrative relief to stay proceedings until the Judicial Panel on Multidistrict Litigation decides a pending motion seeking transfer of this and other Trasylol® cases for consolidated and coordinated pretrial proceedings. *In re Trasylol Products Liability Litigation*, MDL No. 1928. A brief stay of proceedings is justified in this case and will conserve judicial resources, prevent inconsistent rulings, and avoid duplicative discovery. Plaintiffs' counsel has stipulated to this stay.

## BACKGROUND

This case is one of over 25 personal injury and wrongful death actions involving the prescription pharmaceutical Trasylol® that are currently pending in federal district courts around the country. On December 26, 2007, defendants moved to transfer all pending federal Trasylol® lawsuits to a single district pursuant to 28 U.S.C. § 1407 for consolidated and coordinated pretrial proceedings. The motion is fully briefed, and oral argument on the motion will be heard at the March 27, 2008, hearing of the Judicial Panel on Multidistrict Litigation (the "Panel").

## ARGUMENT

Proceedings in this action should be stayed pending the Panel's decision on the motion to establish a Trasylol® MDL in the interests of judicial economy and fairness to the parties. *See Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel"); *see also Mathern* v. *Wyeth*, No. Civ. A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004) (same); *Good* v. *Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (same); *Manual for Complex Litigation (Fourth)* § 22.35 (2005) ("a stay pending the Panel's decision can increase efficiency and consistency").

A stay would promote the just and efficient administration of the litigation and would avoid the risk of undue prejudice to defendants, without harm to plaintiffs' position.

1

## I. A STAY WOULD PROMOTE THE JUST AND EFFICIENT ADMINISTRATION OF THE LITIGATION.

Staying proceedings in this case would facilitate the uniform resolution of pretrial issues common to all federal cases in the Trasylol® litigation. The fundamental purpose of an MDL is to ensure that issues common to related cases are addressed expeditiously and consistently. 28 U.S.C. § 1407; *see also In re Meridia Prods. Liab. Litig.*, 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002); *In re Dow Chem. Co. Sarabond Prods. Liab. Litig.*, 650 F. Supp. 187, 189 (J.P.M.L. 1986). Invariably when related cases are pending in numerous districts, different judges will be asked to address similar pretrial matters and to resolve similar pretrial motions. *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1349 (J.P.M.L. 2006). This creates risks of unnecessary duplication of effort and inconsistent rulings. *Id.*; *cf. I.A. Durbin, Inc.* v. *Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (noting that trial courts have broad discretion "in determining whether to stay . . . litigation in order to avoid duplicating a proceeding already pending in another federal court").

There are now over 25 Trasylol® cases pending in federal courts across the country. Pretrial discovery in the various actions will likely focus on similar documents and personnel. The most reasonable course in this situation is to stay proceedings in this and other individual cases until the actions can be consolidated in an MDL, at which time the transferee judge can address these matters collectively.[1] *See Namovicz* v. *Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) (staying case pending MDL transfer to ensure consistent treatment of multiple cases); *Weinke* v. *Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (same); *Aetna U.S. Healthcare, Inc.* v. *Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 43

---

[1] Defendants are filing similar motions to stay in the other pending federal Trasylol® cases, and stays pending transfer to multidistrict litigation already have been granted in eight cases: *Bakan* v. *Bayer Corp.*, No. 8:07-cv-220 (M.D. Fla. Feb. 14, 2008) (Docket Entry No. 32); *Burnette* v. *Bayer Corp.*, No. 7:07-cv-2238 (N.D. Ala. Feb. 13, 2008) (Docket Entry No. 15); *Davis* v. *Bayer Corp.*, No. 3:07-cv-00115 (M.D. Tenn. Feb. 8, 2008) (Docket Entry No. 101); *Durkin* v. *Bayer Corp.*, No. 1:07-cv-7162 (N.D. Ill. Feb. 6, 2008) (Docket Entry Nos. 19 and 20); *Lanham* v. *Bayer Corp.*, No. 4:07-cv-1687 (S.D. Tex. Feb. 5, 2008) (Docket Entry No. 62); *O'Connor* v. *Bayer Corp.,* No. 07-cv-0633 (S.D. Cal. Feb. 14, 2008) (Docket Entry No. 40); *Pesl* v. *Bayer Corp.*, No. 4:07-cv-02819 (S.D. Tex. Feb. 5, 2008) (Docket Entry No. 21); and *Ware* v. *Bayer Corp.*, No. 5:07-cv-1305 (C.D. Cal. Feb. 13, 2008) (Docket Entry No. 14).

2

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS**
**Case No. 07-CV-04399 CW**

(D.D.C. 1999) (same).

A stay also would avoid wasting this Court's resources. After this case is transferred to an MDL, the transferee judge will have full discretion to reconsider or reject prior decisions in this case. *In re Office Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 58, 65 (D.D.C. 2003). There is no need for this Court to expend resources on this case, at least during the brief period until the MDL motion is decided. *See U.S. Bank* v. *Royal Indem. Co.*, No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting motion to stay and noting that, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted").

## II. A STAY WOULD AVOID THE RISK OF UNDUE PREJUDICE TO DEFENDANTS.

An equally important consideration supporting a stay is the risk of undue prejudice to defendants. A defendant litigating related cases in multiple venues will be required to address similar issues and respond to similar discovery requests repeatedly. *See American Seafood* v. *Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992). Voluntary coordination among counsel can alleviate this burden to some degree, but the prospects for successful and uniform collaboration recede as the number of actions increases. *See Fosamax*, 444 F. Supp. 2d at 1349. The practical solution is to stay all proceedings until the actions can be consolidated in a single court, which can craft a coordinated pretrial schedule. *See id.* ("While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, in addition to ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions."); *American Seafood*, 1992 WL 102762, at *2 ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of [a] stay.").

3

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS**
**Case No. 07-CV-04399 CW**

Case management orders have been entered in many of the federal Trasylol® actions, including this one. However, as additional scheduling orders are entered and as additional Trasylol® cases are filed,[2] the risk increases that the parties will be unable to coordinate pretrial schedules and that defendants will be exposed to conflicting discovery obligations and deadlines – one of the principal reasons why defendants have moved to establish a Trasylol® MDL.

This problem will become more acute once depositions commence. Preparing and producing a corporate official or employee for a deposition entails significant costs, including a substantial loss of time and productivity. One of the advantages of an MDL proceeding is that the MDL judge can implement a coordinated deposition program applicable to even the most recently filed Trasylol® cases, thereby minimizing the number of depositions that any one corporate official or employee is required to give. This advantage potentially is undermined if depositions begin in individual Trasylol® cases before the MDL judge has an opportunity to implement a coordinated deposition program. Entry of a stay is especially important in this case, given that under the current Case Management Order depositions could commence before the Panel decides the defendants' MDL motion.

### III.    A STAY WOULD NOT PREJUDICE PLAINTIFFS.

A stay of these proceedings will not prejudice plaintiffs. The stay will be in effect only until the Panel issues its decision; there will be no long-term delay in the litigation. *See Republic of Venezuela*, 1999 WL 33911677 at *2; *American Seafood*, 1992 WL 102762 at *2. Defendant Bayer Pharmaceuticals Corporation, by its successor in interest Bayer HealthCare Pharmaceuticals Inc., has agreed that, notwithstanding the stay, it will produce documents relevant to this litigation to plaintiffs on a rolling basis without interruption by the requested stay, subject to the parties' agreement to the terms of a protective order regarding confidential discovery materials.[3] Depositions have not yet started, and defendants anticipate that this stay

---

[2] Since January 14, 2008, eight new Trasylol® cases have been filed in four different federal district courts.
[3] The parties also have agreed that they may conduct additional limited discovery during the stay for the discrete purpose of permitting plaintiffs to determine whether to file a motion to join additional parties.

4

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS**
**Case No. 07-CV-04399 CW**

would defer the start of depositions for just a few months. This very modest delay in the start of depositions is more than justified by the substantial savings in time and costs that will be achieved by having a coordinated deposition program. As one district court noted, while there may be "some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost." *Rosenfeld* v. *Hartford Fire Ins. Co.*, Nos. 88-2153, 88-2252, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988); *see also North* v. *Merck & Co.*, No. 05-CV-6475L, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) (granting motion to stay and noting that risk of hardship to defendant of engaging in duplicative motions practice and discovery outweighed any possible prejudice to plaintiff); *Arthur-Magna, Inc.* v. *Del-Val Fin. Corp.*, Civ. A. No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 4, 1991) ("even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court enter an order staying all proceedings in this case until the Judicial Panel on Multidistrict Litigation decides the pending motion to transfer this action to multidistrict litigation for consolidated and coordinated pretrial proceedings. The requested stay would extend to all deadlines under the current Case Management Order and to all discovery obligations under Federal Rules of Civil Procedure 16, 26, 33, and 34, and under any other provisions or orders governing pretrial or trial proceedings in this case.

Dated: February 15, 2008                    SIDLEY AUSTIN LLP


By: /s/ *Catherine Valerio Barrad*
    Catherine Valerio Barrad