Catherine Valerio Barrad (SBN 168897)
cbarrad@sidley.com
Christine Kim Son (SBN 223190)
cson@sidley.com
J. P. Pecht (SBN233708)
jpecht@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys For Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL NITZBERG by and through his guardian ad litem, ELENA STORER, and MATTHEW NITZBERG by and through his guardian ad litem, ELENA STORER, and ELENA STORER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER CORPORATION; BAYER PHARMACEUTICALS CORPORATION and DOES TWO through ONE HUNDRED, and each of them,<br><br>Defendants. | Case No. 07-CV-04399 CW<br><br>Assigned to: Hon. Claudia Wilken<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[PROPOSED] ORDER LODGED CONCURRENTLY |

**DEFENDANTS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF**
**Case No. 07-CV-04399 CW**

Plaintiffs Carol Minard, Jerry Greenmyer, Linda Greenmyer, Robert Covell, Margo Covell and James Zanos have filed a motion for administrative relief requesting that their lawsuit, *Minard, et al. v. Bayer Corporation, et al.*, Case No. C 08-00739 JSW, filed in the Northern District of California before Judge White, be deemed related to two other cases currently pending before this Court, *Nitzberg, et al. v. Bayer Corporation, et al.*, Case No. 3 07-04399 CW (currently stayed pending transfer to MDL) and *De Leon*, *et al. v. Bayer Corporation, et al.*, Case No. C 07-06206 CW (motion to stay pending transfer to MDL filed but not yet decided).

This Court should deny without prejudice, or defer ruling upon, plaintiffs' motion for the reason that the *Minard* case, along with all other federal Trasylol® cases will likely soon be transferred to an MDL judge, thereby mooting plaintiffs' requested relief. At present, there is no reason for this Court to expend judicial resources in *Nitzberg* (a case that has been stayed pending transfer to the MDL) to evaluate whether the *Minard* complaint is related. Nor, given that *Nitzberg* is stayed pending transfer to the MDL and a similar motion to stay is pending in *De Leon*, is there any reason to burden the Court's administrative functions in order to effectuate the intra-district transfer at this time.

**ARGUMENT**

On December 26, 2007, defendants moved to transfer all pending federal Trasylol® lawsuits to a single district pursuant to 28 U.S.C. § 1407 for consolidated and coordinated pretrial proceedings. That motion is fully briefed, and oral argument on it will be heard in two weeks at the March 27, 2008 session hearing of the Judicial Panel on Multidistrict Litigation. Should the Panel grant the motion to transfer, then plaintiffs' current request to relate the *Minard* case to two other Trasylol® lawsuits before this Court will be mooted, as all federal cases, including *Minard*, will be transferred to a single MDL judge assigned by the Panel.

Indeed, plaintiffs' arguments in the present motion are consistent with a decision to transfer cases to an MDL. Under 28 U.S.C. § 1407, two significant factors that the Panel must

1

**DEFENDANTS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF**
Case No. 07-CV-04399 CW

consider in transferring pending federal litigation to the MDL are whether the cases involve common questions of fact and whether the transfers will promote the just and efficient conduct of such actions. Similarly, plaintiffs' motion to relate the *Minard* case to *Nitzberg* and *De Leon* is based upon the argument that "each case stems from the same or similar occurrences, injuries, damages and causes of action for the use of the drug, Trasylol®" and that it "will conserve judicial resources and promote an efficient determination of the actions."[1]  Pls'. Mot. for Admin. Relief at 2-3. Consequently, plaintiff's own arguments support the creation of an MDL – an outcome that would moot any decision to relate the *Minard* case at this time. Thus, rather than waste judicial resources, this Court should deny plaintiffs' request at this time.

Therefore, whether or not the Panel creates an MDL, there is no reason for the Court to expend judicial and administrative resources at this time to determine whether these cases are related.

## CONCLUSION

For the foregoing reasons, defendants respectfully requests that plaintiffs' motion for administrative relief be denied without prejudice, or that ruling on the motion be deferred until after the Judicial Panel on Multidistrict Litigation has ruled on defendant's motion to transfer.

Dated:  March 13, 2008                                      SIDLEY AUSTIN LLP


By: /s/ *J. P. Pecht*
Catherine Valerio Barrad
Christine Kim Son
J. P. Pecht
*Attorneys for Defendants Bayer Corporation and Bayer Pharmaceuticals Corporation by its successor in interest Bayer HealthCare Pharmaceuticals Inc.*

---

[1] Defendant Bayer Corporation has not yet been served with the *Minard* complaint, and therefore has not had the opportunity to consider whether the factors required by Local Rule 3-12(a) have been met in that case, and thus takes no position on it.

2

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS**
**Case No. 07-CV-04399 CW**

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

      On March 13, 2008, I delivered the foregoing document(s) described as **DEFENDANTS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED** on all interested parties in this action as follows:

Nancy Hersh, Esq.
Mark E. Burton, Jr., Esq.
Rachel Abrams, Esq.
Hersh & Hersh
2080 Opera Plaza
601 Van Ness Avenue
San Francisco, CA 94102-6388
Facsimile: (415) 441-7586

      I caused the foregoing document(s) to be delivered by facsimile transmission by use of facsimile machine number (213) 896-6600 to each interested party at the facsimile machine telephone number shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on March 13, 2008, at Los Angeles, California.

                */s/ Rosemary T. Franchimone*